

NUMBER 13-06-00202-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MANUEL GONZALEZ SOTO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

On appeal from the 398th District Court of Hidalgo County, Texas.

# O P I N I O N

**Before Justices Yañez, Rodriguez, and Vela**
**Opinion by Justice Yañez**

A jury convicted appellant, Manuel Gonzalez Soto, of aggravated sexual assault of

a child[1] (Count 1), indecency with a child by contact[2] (Count 2), and indecency with a child by exposure[3] (Count 3). The jury assessed punishment at ninety-nine years' imprisonment on Count 1, twenty years on Count 2, and ten years on Count 3, to be served concurrently. By six issues, appellant contends (1) the trial court erred in admitting certain evidence, over his objections (issues one through three); (2) the evidence is legally and factually insufficient to support his convictions for Count 1, paragraph three, and Count 2, paragraphs one and two (issue four); (3) the jury charge erroneously permitted the jury to convict him on less than a unanimous verdict on Counts 1 and 2 (issue five); and (4) the trial court erred in instructing the jury regarding his eligibility for parole (issue six).

We sustain appellant's fifth issue, and hold that (1) the jury charge erroneously permitted a conviction on a less-than-unanimous verdict on the alternative paragraphs alleged in Counts 1 and 2 and appellant was egregiously harmed by the error; and (2) on remand, the evidence is legally insufficient to support paragraph three of Count 1—that appellant digitally penetrated the victim's sexual organ. As a result of the non-unanimous verdict error in Counts 1 and 2, we cannot determine whether the jury erroneously relied on conduct subsumed within offenses charged in Counts 1 and 2 in convicting appellant in Count 3. We reverse appellant's convictions on all three counts and remand the cause for a new trial.

## I. Background

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2007).

[2] *See id.* § 21.11(a)(1), (c) (Vernon 2003).

[3] *See id.* § 21.11(a)(2)(A) (Vernon 2003).

Appellant is the uncle of A.R., the ten-year-old female victim.[4] A.R. testified that the offenses at issue occurred at her home in McAllen, where she lives with her mother, older brother, and older sister.[5] At the time of the incident, A.R.'s mother was in the hospital. A.R.'s maternal grandmother, who lived with appellant in Reynosa, Mexico, was at the house. Appellant and several other relatives came to the house for a short visit.

A.R. testified that when she came out of the bathroom in her mother's bedroom, appellant was in the bedroom. He forced her to rub his penis, put his penis in her mouth, and touched her "chest." When he stopped, A.R. went to her room, but appellant followed a few minutes later. In A.R.'s bedroom, appellant again put his penis in her mouth. She testified that through her clothing, he touched her chest, butt, and "middle part" with his hand.[6] She also stated he touched her butt with his exposed penis.

A.R.'s mother testified that when she returned home from the hospital, she noticed adverse changes in A.R.'s behavior: frequent crying, inability to sleep, and nightmares. A.R.'s mother took A.R. to Mujeres Unidas, a center for victims of family violence, for counseling. A.R.'s mother was present when A.R. told the counselor what had happened. The counselor notified the McAllen Police Department and accompanied A.R. and her mother to the hospital. At the hospital, A.R. was interviewed by Officer Eliezer Saldana and examined by Lorenza Guerrero, a sexual assault nurse examiner.

---

[4] Appellant is the brother of A.R.'s mother. Appellant was approximately forty-seven years old at the time of the offense. "A.R." is a pseudonym to protect the victim's identity.

[5] A.R.'s brother was approximately twenty-three years old at the time of trial; A.R.'s sister was twenty years old.

[6] A.R. identified Exhibit 3, which is a drawing of frontal and rear views of the female body. A.R. stated she drew "Xs" on the drawing to show the places appellant touched her. On the frontal view, A.R. drew an "X" on the left breast, which is identified as "chest," and on the genital area, which is identified as "middle part." The rear view shows an "X" on the buttocks.

Sandra Orta, an investigator for Child Protective Services, testified that a couple of months after the incident, A.R. was interviewed by a forensic interviewer at the Children's Advocacy Center. Ms. Orta observed the interview, which was videotaped.

Officer Jose Buitron, an investigating police officer assigned to the case, testified that he was present when A.R. was interviewed at the Children's Advocacy Center. He also interviewed A.R.'s mother, who provided additional information regarding appellant. A.R.'s mother provided Officer Buitron with photographs of appellant, a description of his vehicle, and information about monthly trips he made from Reynosa to the post office in Hidalgo, Texas. In early December, Officer Buitron encountered appellant at the Hidalgo post office and advised him he had been accused of aggravated sexual assault. Appellant denied the allegations and agreed to come to the police station for questioning. Appellant was *Mirandized*[7] and provided a statement. Shortly thereafter, appellant was arrested. In the course of Officer Buitron's investigation, he also interviewed A.R.'s grandmother, mother, and brother.

## II. Legal Sufficiency of the Evidence

In his fourth issue, appellant contends, in part, that the evidence is legally insufficient to support his convictions for (1) Count 1, paragraph three (that he committed aggravated sexual assault by digital penetration of A.R.'s sexual organ); (2) Count 2, paragraph one (that he committed indecency with a child by contact by touching A.R.'s genitals); and (3) Count 2, paragraph two (that he committed indecency with a child by contact by touching A.R.'s breast). We address this part of appellant's fourth issue first

---

[7] *See Miranda v. Arizona*, 384 U.S. 436, 469-72 (1966).

4

because it could afford him the most relief.[8]

## A. Standard of Review and Applicable Law

Evidence is legally insufficient if, when viewed in a light most favorable to the verdict, a rational jury could not have found each element of the offense beyond a reasonable doubt.[9] The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence.[10] Thus, when performing a legal-sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.[11] We must resolve any inconsistencies in the testimony in favor of the verdict.[12]

The legal sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case.[13] Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[14]

---

[8] If we reverse a criminal case for legal insufficiency, we vacate the judgment of conviction and order a judgment of acquittal. *See Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).

[9] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

[10] *Jones*, 944 S.W.2d at 647.

[11] *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

[12] *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

[13] *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

[14] *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240.

The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault.[15] Courts give wide latitude to testimony given by child victims of sexual abuse.[16] The victim's description of what happened to her need not be precise, and she is not expected to express herself at the same level of sophistication as an adult.[17] There is no requirement that the victim's testimony be corroborated by medical or physical evidence.[18] The requisite specific intent for indecency with a child by contact can be inferred from the defendant's conduct and remarks and all the surrounding circumstances.[19]

To establish appellant's guilt as to Count 1, paragraph three (aggravated sexual assault by digital penetration), the State was required to prove that appellant (1) intentionally and knowingly (2) caused his finger to penetrate A.R.'s sexual organ, and (3) A.R. was a child under fourteen years old.[20] As to Count 2, paragraph one (indecency with a child by contact), the State was required to prove that appellant (1) engaged in sexual contact with A.R. by touching A.R.'s genitals (2) with the intent to arouse or gratify

---

[15] *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *see Martinez v. State*, 178 S.W.3d 806, 814 (Tex. Crim. App. 2005); *Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *see also Garcia v. State*, No. 13-05-175-CR, 2007 Tex. App. LEXIS 1323, at *4 (Tex. App.–Corpus Christi Feb. 22, 2007, no pet.) (mem. op., not designated for publication).

[16] *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc).

[17] *See id.*

[18] *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. 2006) (holding "[t]he lack of physical or forensic evidence is a factor for the jury to consider in weighing the evidence.")

[19] *Gottlich v. State*, 822 S.W.2d 734, 741 (Tex. App.–Fort Worth 1992, pet. ref'd) (finding requisite intent to arouse and gratify sexual desire when defendant placed his hand inside complainant's panties and played with her "private"), *abrogated on other grounds by Arevalo v. State*, 943 S.W.2d 887, 888-90 (Tex. Crim. App. 1997).

[20] *See* TEX. PENAL CODE ANN. § 22.021(a) (Vernon Supp. 2007).

6

appellant's sexual desire, and (3) A.R. was a child younger than seventeen years old and not appellant's spouse.[21]  As to Count 2, paragraph two (indecency with a child by contact), the State was required to prove that appellant (1) engaged in sexual contact with A.R. by touching A.R.'s breast (2) with the intent to arouse or gratify appellant's sexual desire, and (3) A.R. was a child younger than seventeen years old and not appellant's spouse.[22]

## B.  Discussion

In its brief, the State "candidly acknowledge[s] that the evidence in this case does not support the allegation that Appellant had penetrated the victim's sexual organ with his finger [as] alleged in Paragraph Three of Count One of the indictment in this case."  We agree.  We therefore conclude the evidence is legally insufficient to establish that appellant caused his finger to penetrate A.R.'s sexual organ as alleged in Count 1, paragraph three of the indictment.[23]  We sustain that portion of appellant's fourth issue as it relates to the legal sufficiency of Count 1, paragraph three.

With regard to appellant's challenge to the legal sufficiency of the evidence that he committed indecency with a child by touching A.R.'s genitals and breast, as alleged in Count 2, paragraph one, and Count 2, paragraph two respectively, A.R. testified that appellant touched her "middle part" with his hand.  She also testified that she placed "Xs"

---

[21] *See id.* § 21.11(a)(1), (c) (Vernon 2003).

[22] *See id.*

[23] We do not order an acquittal on Count 1 (aggravated sexual assault), however, because appellant does not challenge the sufficiency of the evidence that he committed the offense as alleged in paragraphs one and two of Count 1.  *See Stuhler v. State,* 218 S.W.3d 706, 714 (Tex. Crim. App. 2007) (noting that court of appeals did not order acquittal on conviction for injury to a child because the evidence did support conviction for injury to a child on a different theory submitted to the jury in the disjunctive).

on a drawing of a young female body to demonstrate where appellant touched her.[24]  On the frontal view of the drawing, A.R. placed an "X" on the female genital area, which is marked "middle part," and on the left breast, which is marked "chest."  A.R. also used anatomically correct dolls to demonstrate to the jury that appellant touched her on her "chest."  A.R. testified she was eleven years old at the time of trial and identified appellant as her uncle.  Lorenza Guerrero, a sexual assault nurse examiner that examined A.R., testified that A.R. told her appellant had touched her in the genital area and had rubbed his penis on her "vaginal area."

With regard to the evidence that he touched part of A.R.'s genitals, appellant complains that the drawing on Exhibit 3 is "imprecise," and thus does not show with specificity "what part of the child was actually touched."  He also complains that A.R. did not clarify what she meant by "middle part," and that Nurse Guerrero did not clarify what she meant by "genital area."  As to the evidence that he touched A.R.'s breast, appellant cites *Nelson v. State*[25] in support of his argument that a child's testimony that she was touched on the "chest" is insufficient to support an allegation that an accused touched a victim's "breasts."[26]

We disagree with appellant's arguments.  Texas courts have found evidence sufficient to support a conviction for indecency with a child regardless of the

---

[24] The drawing was submitted as State's Exhibit 3.

[25] *Nelson v. State*, 505 S.W.2d 551, 552 (Tex. Crim. App. 1974).

[26] *See id.*

unsophisticated language that the child uses.[27]  A.R.'s testimony and identification of Exhibit 3 as reflecting the places she was touched by appellant were sufficient to establish the sexual touching element of both offenses as alleged in Count 2, paragraphs one and two.  We also reject appellant's reliance on *Nelson*.  Unlike in *Nelson*, A.R. identified Exhibit 3, with an "X" over the female breast, as reflecting where appellant touched her.

The jury could infer from the totality of appellant's conduct that touching A.R.'s breast and genital area was done with the intent to arouse and gratify his sexual desire. Viewing the evidence in the light most favorable to the jury's verdict, we find that there was evidence upon which a rational trier of fact could have found the essential elements of indecency with a child, as alleged in Count 2, paragraphs one and two, beyond a reasonable doubt.[28]  We overrule appellant's fourth issue as it relates to legal sufficiency of the evidence to support Count 2, paragraphs one and two.[29]

### III.  Non-unanimous Verdict

By his fifth issue, appellant contends the trial court erred by failing to instruct the jury that it must unanimously agree as to the alternative paragraphs alleged in Count 1

---

[27] *See Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977) (holding evidence sufficient to show sexual contact where complainant testified appellant touched her "front butt"); *Williams v. State*, 911 S.W.2d 788, 790 (Tex. App.–San Antonio 1995, no pet.) (holding complainant children sufficiently communicated that touching occurred to part of body covered by statute by using terms such as "dick," "penis," and "private part"); *see also Alexander v. State*, No. 12-02-00050-CR, 2003 Tex. App. LEXIS 9932, at *7 (Tex. App.–Tyler 2003, pet. ref'd) (mem. op., not designated for publication) (holding evidence legally sufficient where nine-year-old victim  testified appellant put his fingers in her "private" part and drew a circle around vaginal area on drawing of female child to show where appellant touched her).

[28] *See Jackson*, 443 U.S. at 319; *Jones*, 944 S.W.2d at 647.

[29] Although appellant's fourth issue also purports to challenge the factual sufficiency of the evidence supporting the offenses of indecency as alleged in Count 2, paragraphs one and two, we need not address these issues because prevailing on these issues would afford appellant no greater relief than is otherwise provided by our disposition of his fifth issue.  *See Gearhart v. State*, 122 S.W.3d 459, 467 (Tex. Crim. App. 2003) (noting when case reversed for factual sufficiency, remand for new trial is appropriate).

(aggravated sexual assault of a child) and Count 2 (indecency with a child by contact). The State concedes that the trial court erred in submitting separate offenses in Counts 1 and 2 in the disjunctive, without requiring a unanimous verdict, but contends that appellant was not egregiously harmed by the error. We agree with the State that the trial court erred, but conclude that appellant suffered egregious harm from the error.

## A. Standard of Review

An appellate court's "first duty" in analyzing a jury charge issue is "to decide whether error exists."[30] If error is found, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objection.[31] If the defendant properly objected to the erroneous jury charge, reversal is required if we find "some harm" to the defendant's rights.[32] However, if the defendant did not object or stated that he had no objection to the jury charge, we may only reverse if the record shows egregious harm.[33]

To determine whether a defendant has sustained egregious harm from an instruction to which he did not object, we consider (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information.[34] "Errors that result in egregious harm are those that affect 'the very basis of

---

[30] *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). As noted, the State concedes the jury charge as to Counts 1 and 2 was erroneous.

[31] *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

[32] *Id.*; *Ngo*, 175 S.W.3d at 743.

[33] *Olivas*, 202 S.W.3d at 144; *Ngo*, 175 S.W.3d at 743-44.

[34] *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

10

the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'"[35] Egregious harm is a difficult standard to meet and must be determined on a case-by-case basis.[36]  An *Almanza* harm analysis is conducted without placing any burden of proof or persuasion on either the defendant or the State.[37]

## B.  Applicable Law

If the State wishes to allege multiple statutory offenses in a single indictment, it should set out each separate offense in a separate count.[38]  Paragraphs within a single count should be used to allege different methods of committing the same statutory offense.[39]

When the State charges an individual with different criminal acts, regardless of whether they constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts.[40]  "Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific criminal act."[41]  "The question of what a jury must be unanimous about is determined by

---

[35] *Warner*, 245 S.W.3d at 461 (citing *Warner v. State*, No. 03-04-00203-CR et al., 2005 Tex. App. LEXIS 7790 (Tex. App.–Austin Sept. 22, 2005) (not designated for publication) (citing *Hutch*, 922 S.W.2d at 171)).

[36] *Hutch*, 922 S.W.2d at 171.

[37] *Warner*, 245 S.W.3d at 464; *Almanza*, 686 S.W.2d at 171.

[38] *See* TEX. CODE CRIM. PROC. ANN. art. 21.24(a) (Vernon 1989); *Martinez v. State*, 225 S.W.3d 550, 554 (Tex. Crim. App. 2007).

[39] *See* TEX. CODE CRIM. PROC. ANN. art. 21.24(b) (Vernon 1989); *Martinez*, 225 S.W.3d at 554.

[40] *Ngo*, 175 S.W.3d at 744.

[41] *Id.* at 745.

the legislative intent of the applicable statute."[42] "[C]harging a jury disjunctively on separate

offenses involving separate incidents does violate the unanimity requirement."[43]

In *Vick v. State*, the court of criminal appeals concluded that aggravated sexual

assault, as defined in section 22.021(a)(1)(B) of the penal code, is a conduct-oriented

offense that criminalizes separate and distinct acts of commission.[44]  The court explained

that "[a]n offense is complete when a person commits any one of the proscribed acts."[45]

Thus, the court concluded that "each separately described conduct constitutes a separate

statutory offense."[46]

> Similarly, in *Pizzo v. State*, the court of criminal appeals recently held
> that the offense of indecency with a child by contact is a conduct-oriented
> offense.  "Sexual contact" . . . criminalizes three separate types of
> conduct—touching the anus, touching the breast, and touching the genitals
> with the requisite mental state. Therefore, each act constitutes a different
> criminal offense and juror unanimity is required as to the commission of any
> one of these acts.[47]

---

[42] *Santee v. State*, 247 S.W.3d 724, 727 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (citing *Valdez v. State*, 218 S.W.3d 82, 84 (Tex. Crim. App. 2007)).

[43] *Cook v. State*, 192 S.W.3d 115, 118 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (citing *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004)).

[44] *Vick v. State*, 991 S.W.2d 830, 833-34 (Tex. Crim. App. 1999); *see* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon Supp. 2007).

[45] *Vick*, 991 S.W.2d at 830.

[46] *Id.*

[47]  *Pizzo v. State*, 235 S.W.3d 711, 719 (Tex. Crim. App. 2007) (construing former version of penal code section 21.11(a)(1) and penal code section 21.01(2), defining sexual contact).  The current version of the indecency-with-a-child statute defines "sexual contact," if committed with the intent to arouse or gratify the sexual desire of any person, as:

(1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

(2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

## C. Analysis

## 1. The Charge

Having concluded that the court's charge was erroneous, we turn to whether egregious harm resulted from the error, sufficient to require reversal. We first evaluate the jury charge as a whole.

The application portion of the charge was divided into separate paragraphs. As to count one, aggravated sexual assault of a child, the charge instructed the jury:[48]

> Now, if you find from the evidence beyond a reasonable doubt that . . . the defendant . . . intentionally or knowingly cause[d] his sexual organ to contact the mouth of [the victim], . . . or . . . intentionally or knowingly cause[d] his sexual organ to penetrate the mouth of [the victim], . . . or . . . intentionally or knowingly cause[d] his finger to penetrate the sexual organ of [the victim], . . . then you will find the defendant guilty of the offense of aggravated sexual assault as charged in the indictment.

As to count two, indecency with a child by sexual contact, the jury was charged:

> Now, if you find from the evidence beyond a reasonable doubt that . . . the defendant . . . engaged in sexual contact with [the victim] . . . by . . . touching part of the genitals of [the victim] . . . or . . . touching the breasts of [the victim] . . . or . . . cause[d] [the victim] to touch part of his genitals . . . then you will find the defendant guilty of the offense of indecency with a child as charged in the indictment.

The charge contained only a general instruction informing the jury that its verdict must be by unanimous vote; there was no separate unanimity instruction in the application paragraphs. Following the reading of the application paragraphs, and after instructing the jury on the defendant's right not to testify, the definition of an indictment, the burden of

---

TEX. PENAL CODE ANN. § 21.11 (c) (Vernon 2003). While the former version of the statute was applicable in *Pizzo*, the current version is applicable in the present case. *See Pizzo*, 235 S.W.3d at 715.

[48] As noted, the jury charge is not included in the clerk's record, and reportedly, is missing from the trial court's record. The reporter's record reflects that the trial judge read the charge to the jury.

13

proof, and the jurors' duties during deliberation, the judge stated:

Do not let bias or sympathy play any part in your deliberations.

Your verdict must be unanimous. Unanimous means all 12 of you must vote, and after you have reached a unanimous verdict, the presiding juror will certify thereto by signing the appropriate form attached to this charge.

And each of the counts has a form of the verdict. With regards to Count 3, you have: Form of the verdict. We, the jury, find the defendant, Manuel Gonzalez Soto, guilty of the offense of indecency with a child; or, We, the jury, find the defendant, Manuel Gonzalez Soto, not guilty, signed presiding juror.

With regards to Count 2, the form of the verdict: We, the jury, find the defendant, Manuel Gonzalez Soto, guilty of the offense of indecency with a child as charged in the indictment, signed presiding juror; or, We, the jury, find the defendant, Manuel Gonzalez Soto, not guilty, signed presiding juror.

With regard to Count 1, We, the jury, find the defendant, Manuel Gonzalez Soto, guilty of the offense of aggravated sexual assault as charged in the indictment, signed presiding juror; or, We, the jury, find the defendant, Manuel Gonzalez Soto, not guilty, signed presiding juror.

You may proceed.

Read as a whole, the charge misled the jury into believing that only its ultimate verdict of "guilty" need be unanimous.[49]

## 2. Prosecutor's Argument

Here, the prosecutor did not expressly tell the jury, as the trial judge did in *Ngo v.*

---

[49] *See Ngo*, 175 S.W.3d at 749. In *Ngo*, the court of criminal appeals noted, "[t]he jury *could* be charged disjunctively, as long as it was also informed that it must be unanimous in deciding which criminal act (or acts) appellant committed—stealing the credit card, receiving a stolen credit card, or fraudulently presenting it." *Id.* n.43 (emphasis in original); *see also Warner*, 245 S.W.3d at 464 (stating that "the jury charge is incorrect because it does not make clear that the jury had to find unanimously on at least one statutory offense") (citing *Ngo*, 175 S.W.3d at 749).

*State*, that it need not return a unanimous verdict.[50]  However, the prosecutor told the jury, "all of you don't have to agree that one of these happened"; by doing so, she erroneously suggested that the jurors only needed to agree on their ultimate verdict of "guilty," rather than unanimously agree on any one of the specific criminal acts set out in the charge. During closing argument, the prosecutor told the jury:

> And this is basically what's brought up here in Count 1.  On or about September the 15th, 2004, the defendant, Manuel Gonzalez Soto, in Hidalgo County, Texas, intentionally and knowingly caused his sexual organ to contact the mouth of . . . the victim, or intentionally or knowingly caused his sexual organ to penetrate the mouth of the victim or intentionally or knowingly caused his sexual—his finger to penetrate the sexual organ of the victim, a child younger than 14 years of age.
>
> Keep in mind, ladies and gentlemen, that either one of these—let's say you find that there was contact that his sexual organ, his penis, contacted the mouth of the victim.  That's enough for aggravated sexual assault.  There is three different manner and means.  *You don't have to agree—all of you don't have to agree that one of these happened, as long as you all agree that either one of these happened*.  Okay.  The judge told you that it has to be unanimous, *meaning that all 12 of you have to decide guilty or not guilty*.
>
> And as far as manner and means, one person will say, Well, you know what?  I believe the evidence showed that his sexual organ contacted the mouth of somebody else.  Well, you say, You know what?  I think that it not only contacted but he put his penis in her mouth.  Well, that's enough for an aggravated sexual assault in that regard.
>
>          . . . .

---

[50] *See Ngo*, 175 S.W.3d at 750-51.  In *Ngo*, the trial judge erroneously told the jurors:

There's three ways alleged that the offense can be committed.  The State must prove, to your satisfaction, one of the number of them; however, in the course of the proof, *the State may prove one to the satisfaction of part of the jury, another one to the satisfaction of others, the third one to the satisfaction of another part of the jury*, but if you found the defendant guilty, you must believe the State has proved one of the three paragraphs in its entirety.

*Id.* (emphasis in original).  The court of criminal appeals found that the violation of the defendant's right to a unanimous jury verdict caused egregious harm to his right to a fair and impartial trial.  *Id.* at 752.

. . . So if you find in Count 2 he touched part of her—part—that he made her touch part of his genitals, then you will also find him guilty of indecency with a child, or that he touched her breasts or that she touched any part of his genitals, *either one of these*.

If one of you says, Well, you know what? I think the evidence shows that he touched her breasts, but there was no evidence that he touched part of her genitals and the evidence shows that all of these happened, but *if any one of you have a question as to which one it was, as long as it was either one of these*, you will find him guilty of indecency with a child.

We conclude that the "boilerplate" unanimity instruction in the jury charge was insufficient to mitigate the harm caused by the prosecutor's confusing and erroneous argument.

### 3. The Evidence

A.R. testified that appellant encountered her in her mother's bedroom; he touched her on her "chest,"[51] took his penis out, and forced her to rub it and put it in her mouth. A.R. then went to her room and closed the door. A few moments later, appellant entered her room and again put his penis in her mouth. When appellant heard a door open in a nearby room, he zipped up his pants and left. A.R. testified that appellant touched her on her chest, butt, and "middle part" with her clothes on.[52] She also testified appellant touched her butt with his exposed penis.

Officer Saldana, the investigating police officer, testified that he interviewed A.R. According to Officer Saldana, A.R. said appellant forced her to rub his penis. A.R. also told him that appellant rubbed up against her from behind and rubbed his penis on her butt; when this occurred, they both had their clothes on.

Orta, the investigator for Child Protective Services, testified that she observed A.R.

---

[51] As noted, A.R.'s testimony as to her "chest" was clarified by her reference to Exhibit 3.

[52] State's Exhibit 3 identifies "middle part" as the female genital area.

16

being interviewed at the Children's Advocacy Center.[53] According to Ms. Orta, A.R. stated that appellant forced her to put his penis into her mouth.

Guerrero, the sexual assault nurse examiner who examined A.R., testified that A.R. said appellant touched her in her genital area and put his penis in her mouth. A.R. also said appellant rubbed his penis to her "vaginal area," and forced her to rub his penis.

Officer Buitron, the investigating police officer assigned to the case, testified that when he interviewed appellant and told him of A.R.'s allegations, appellant denied the allegations and said A.R. was lying and trying to "get back at him" because he had caught her smoking.

Appellant did not testify at trial. The defense attempted to establish, by testimony from other family members, that appellant was not present at A.R.'s home for a sufficient length of time for the incidents to have occurred as alleged.

### D. Discussion

We have already determined that the evidence is legally insufficient to support the allegation that appellant's finger  penetrated A.R.'s sexual organ, as alleged in paragraph three of Count 1. The remaining paragraphs of Count 1 allege that appellant caused his sexual organ to contact A.R.'s mouth (paragraph one) and caused his sexual organ to penetrate A.R.'s mouth (paragraph two).

We recognize that where one act alleged under section 22.021 is necessarily subsumed by another alleged act, such as contact and penetration, there is  an exception to the general rule that each allegation under section 22.021 constitutes a separate

---

[53] Ms. Orta viewed the interview via closed-circuit television.

17

offense.[54]  Here, however, A.R. testified that there were two separate incidents in which appellant caused his penis to penetrate her mouth—one in her mother's bedroom and a second incident in her bedroom.  We conclude that because more than one incident of penetration (and contact) occurred, the exception is inapplicable.[55]

Moreover, although we have found the evidence of digital penetration legally insufficient, we have found the evidence that appellant touched A.R.'s genitals to be legally sufficient.  At the close of trial, outside the presence of the jury, the defense moved for an instructed verdict on several grounds, including that there was no evidence of digital penetration.  The prosecutor responded that the State had "proved each manner and means as alleged in all counts of the indictment."  The trial court denied the motion for instructed verdict.  We conclude that we cannot be certain that none of the jurors relied on the allegation of digital penetration in finding appellant guilty.

In *Stuhler v State*,[56]  the defendant was convicted of injury to a child.[57]  The court

---

[54] *See Santee v. State*, 247 S.W.3d 724, 728-29 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (holding appellant not deprived of unanimous jury verdict because jury's finding of penetration necessarily included contact) (citing *Hendrix v. State*, 150 S.W.3d 839, 848 (holding disjunctive jury charge of contact that was subsumed by penetration was not error because it "did not deprive appellant of a unanimous verdict because all of the jurors who believed there was penetration necessarily also believed that antecedent contact had occurred, and a non-unanimous verdict was not possible"); *Valdez v. State*, 211 S.W.3d 395, 400 (Tex. App.–Eastland 2006, no pet.) (stating that there was no danger of jury not returning unanimous verdict because contact with child's anus by appellant's sexual organ was subsumed within allegation that appellant had penetrated child's anus with his sexual organ); *Tyson v. State*, 172 S.W.3d 172, 178 (Tex. App.–Fort Worth 2005, pet. ref'd) (analyzing section 22.011 of penal code in light of *Vick* and concluding that "the different types of conduct described in section 22.011(a)(2) constitute separate offenses even if the different types of conduct occur in the same transaction *except in cases in which one of the acts would necessarily be subsumed by another, such as contact being subsumed by penetration*") (emphasis added by *Santee* Court)).

[55] *See Martinez v. State*, 212 S.W.3d 411, 418-19 (Tex. App.–Austin 2006, pet. ref'd) (rejecting State's argument that offense of contact was subsumed in offense of penetration, noting that State's argument might have merit in case in which there is evidence of only a single act, and that single act involves penetration).

[56] *Stuhler v. State*, 218 S.W.3d 706, 708 (Tex. Crim. App. 2007).

[57] *See* TEX. PENAL CODE ANN. § 22.04(a) (Vernon Supp. 2007).

18

of criminal appeals held (as had the court of appeals) that the defendant was denied her right to a unanimous jury verdict because the application paragraph of the charge authorized conviction if the jury found that she had caused *either* serious bodily injury *or* serious mental injury to the child.[58] The court of criminal appeals found that the failure to require a unanimous jury verdict on the type of injury resulted in egregious harm, in part because "the harm [was] exacerbated by the fact that there was no evidence to support serious bodily injury."[59] Thus, we find that the insufficiency of the evidence for one of the offenses in count one (digital penetration) only exacerbated the harm caused by the erroneous jury charge.

With respect to count two, indecency with a child by contact, we have already determined that A.R.'s testimony, combined with Exhibit 3 as showing the places appellant touched her, was legally sufficient to establish that appellant touched her on her breast, genital area, and buttocks.

In *Clear v. State*, a factually similar case, this Court has already determined that an erroneous disjunctive jury charge caused egregious harm.[60] Recently, in *Nelson v. State*,[61] the El Paso Court of Appeals followed this Court's holding in *Clear*, and declined to follow

---

[58] *Stuhler*, 218 S.W.3d at 714-16.

[59] *Id.* at 720. The *Stuhler* court noted that in final argument, the State relied as heavily on the bodily injury as the mental injury. *Id.* The court noted that the jury argument "could only have increased the already substantial risk that the jury would not find it necessary to agree as to which type of injury the appellant inflicted." *Id.*; *see also Landrian v. State*, No. 01-05-00697-CR, 2007 Tex. App. LEXIS 6290, at *26-27 (Tex. App.–Houston [1st Dist.] Aug. 9, 2007, pet. granted) (designated for publication) (finding jury charge permitting a non-unanimous jury verdict in aggravated assault case caused some harm, based on unbalanced state of the evidence, as in *Stuhler*, the trial court's and prosecutor's emphasis of the error, and apparent jury confusion).

[60] *See Clear v. State*, 76 S.W.3d 622, 624 (Tex. App.–Corpus Christi 2002, no pet.).

[61] *Nelson v. State*, No. 08-06-00154-CR, 2008 Tex. App. LEXIS 1258, at *15-20 (Tex. App.–El Paso Feb. 21, 2008) (mem. op., not designated for publication).

19

the First Court's holding in *Martinez v. State*,[62] in which the First Court distinguished our

holding in *Clear*.[63]  Because the *Nelson* court succinctly contrasts this Court's opinion in

*Clear* with the First Court's opinion in *Martinez*, we quote the *Nelson* court at length:

> In *Clear v. State*, the indictment alleged that Clear penetrated the female sexual organ of a child with his finger, penetrated the female sexual organ of the same child with his sexual organ, and also that he penetrated her mouth with his sexual organ.  The jury charge instructed the jury to find Clear guilty of the offense of aggravated sexual assault, if it found that he either penetrated the child's female sexual organ with his finger or penetrated or contacted it with his sexual organ.  During closing argument, the prosecutor argued in reference to the options that the jury had with regard to the allegations of penetration by the finger or contact or penetration by the penis of the child's sexual organ that:
>
> > You can go back there and deliberate and you can all decide that we have proven every one of those to you.  You can decide that.  Or you can go back there, four of you could decide, you know, "You've proven the finger penetration.  I'm not convinced about the contact by the male sexual organ."
> >
> > Another four of you could say, you know, "You've proven everything."  And the remaining four of you could say, "Well, you know, I believe the State proved that there was penile penetration.  I wasn't convinced about the finger penetration."
> >
> > As long as we have proven to each and every one of you at least one of these manners, we are entitled to a guilty verdict.  You don't all have to agree on which manner we've proven it to you, as long a [sic] we've proven one of these.
> >
> > So we only have to convince you of one, but there's three different ways that you can find this man guilty, Okay?
>
> As in this case [*Nelson*], the State admitted charge error, but contested that egregious harm had occurred.  The State argued that the error was not egregious, because the evidence was overwhelming that he was guilty, and the record showed that the jury found the victim's entire testimony to be credible and unassailable.  The State reasoned that, as the jury believed the

---

[62] *Martinez v. State*, 190 S.W.3d 254, 262 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd).

[63] *Nelson*, 2008 Tex. App. LEXIS 1258, at *20.

accused penetrated the victim's vagina with his penis, it presumably also believed he penetrated her with his finger. The State also noted that, as a result of the manner in which the case was submitted, the accused received only one conviction instead of two, which would benefit him should he be convicted in another upcoming case.

The *Clear* court rejected this reasoning and found that he had suffered egregious harm. The court stated that it could not determine what the jury believed regarding the offenses that were charged. As such, to find that the harm was not egregious, because the jury would surely have found Clear guilty of all the offenses if given the opportunity, would put the court in the place of the jurors and would deprive Clear of his right to a guilty finding by a unanimous jury. The cause was reversed and remanded for new trial.

However, in *Martinez v. State*, Martinez was convicted of aggravated sexual assault of a child. The application paragraph of the jury charge read:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 14th day of September, 2003 . . . Jose R. Martinez, did then and there unlawfully, intentionally or knowingly cause the sexual organ of [complainant] . . . to contact the sexual organ of the defendant; or if you find . . . Jose R. Martinez did then and there unlawfully, intentionally or knowingly cause the anus of [complainant] . . . to contact the sexual organ of the defendant, then you will find the defendant guilty as charged in the indictment.

The court of appeals held that the trial court erred in allowing a conviction upon a disjunctive finding between two separate offenses. The court then had to conduct an analysis to determine whether Martinez had suffered egregious harm. The prosecutor stated during the voir dire examination, after the judge had read the indictment that:

> [N]otice how the judge read two paragraphs. What the laws says [sic] is all I have to prove is one of those. In fact, it's a little bit different in that six of y'all may think he contacted the anus and six of y'all may think he contacted the female sexual organ, as long as the 12 of you agree one of those happened, then you can convict. That's why it's the two pleadings . . . . [A]ll I have to prove is one of them.

The court noted that Martinez's defensive posture was that he did not commit any offense, and he did not attack the evidence of vaginal penetration and the evidence of anal contact differently. Further, the jury was twice instructed in the charge that the State had the burden of proving each and

21

every element of the offense charged.  Further, the comment by the prosecutor was brief and was not repeated.  The court held that Martinez had not suffered egregious harm.

In the present case [*Nelson*], while the nature of Appellant's defensive posture was somewhat in line with the situation in *Martinez*, we are inclined to follow the holding in *Clear*.  Here, the jury was told during voir dire that they were to find three separate offenses, as opposed to a finding of guilt on each charge.  Further, they were, in effect, told by the prosecutor, prior to deliberation, that their verdict did not need to be unanimous.  We find that Appellant suffered egregious harm, and we sustain Issue One.[64]

We conclude that *Clear* was decided correctly and see no reason to depart from our precedent in that case.  Accordingly, we hold appellant suffered egregious harm, reverse the judgment of the trial court, and remand for a new trial.  We sustain appellant's fifth issue.

Because of our disposition of appellant's fifth issue, it is unnecessary for us to address his remaining issues insofar as those issues complain of matters relating to Counts 1 and 2.[65]

### IV.  Count III: Indecency with a Child by Exposure

In Count 3, appellant was convicted of indecency with a child by exposing part of his genitals to A.R.  Because the jury charge in Count 3 alleged only a single offense, the

---

[64] *Id*. at *15-20 (citations omitted); *see Mathonican v. State*, 194 S.W.3d 59, 67 (Tex. App.–Texarkana 2006, no pet.) (finding erroneous jury charge enabling jury to potentially return a non-unanimous verdict caused defendant egregious harm); *Hisey v. State*, 129 S.W.3d 649, 659 (Tex. App.–Houston [1st Dist.] 2004, pet. dism'd) (same); *Hendrix v. State*, 150 S.W.3d 839, 849 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (same); *In re M.P.*, 126 S.W.3d 228, 232 (Tex. App.–San Antonio 2003, no pet.) (same, finding some harm); *but see*, *Villarreal v. State*, No. 03-05-00846-CR, 2007 Tex. App. LEXIS 9503, at *13 (Tex. App.–Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication) (finding erroneous charge violating unanimity requirement did not result in egregious harm); *Martinez v. State*, 212 S.W.3d 411, 421 (Tex. App.–Austin 2006, pet. ref'd) (same).

[65] *See* TEX. R. APP. P. 47.1.

charge does not raise a non-unanimous verdict issue with respect to Count 3.[66] We conclude, however, that because of the non-unanimous verdict error in Counts 1 and 2, we cannot be certain whether the jury erroneously based appellant's conviction in Count 3 on conduct that was subsumed within offenses charged in Counts 1 and 2.

Sexual contact or exposure that occurs in the course of an act of sexual penetration is subsumed in the completed act.[67] A conviction for both the completed act of penetration and for the sexual contact or exposure incident to the penetration constitutes double jeopardy.[68] However, even when two acts are committed in close temporal proximity, the acts still may be separate and distinct acts for double jeopardy purposes.[69]

In the present case, there were two separate incidents in which appellant exposed his genitals and forced his penis into A.R.'s mouth, once in her mother's bedroom and once in A.R.'s bedroom. The record does not show any other occasion when the exposure was a separate offense. Appellant's conviction for aggravated sexual assault is supported by the evidence of one of the incidents of oral sex. As to his conviction for indecency by contact in Count 2, however, the jury could have convicted him on the basis of the

---

[66] The jury charge for Count 3 stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about September 15, 2004, . . . the defendant, . . . intentionally, with intent to arouse and gratify the sexual desire of said defendant, exposed part of his genitals, knowing that [A.R.], a child younger than 17years of age and not his spouse, was present . . . .

[67] *Patterson v. State,* 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *see Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.–Austin 2005, no pet.).

[68] *See Barnes,* 165 S.W.3d at 88 (convictions for sexual assault by penetration and by genital-to-genital contact based on single act of penetration constituted double jeopardy); *Patterson v. State*, 96 S.W.3d 427, 432-33 (Tex. App.--Austin 2002), *aff'd*, 152 S.W.3d at 92 (convictions for sexual assault by penetration and indecency by contact based on single act of penetration constituted double jeopardy).

[69] *Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.–Fort Worth 2002, pet. ref'd), *cert. denied*, 539 U.S. 916 (2003).

23

evidence that he touched A.R.'s genitals—or touched her breast—or caused her to touch his genitals. If the jury's decision was based on either of the first two, the indecency by exposure that occurred in A.R.'s bedroom is a separate offense and supports the conviction in Count 3. If, however, the jury based its conviction in Count 2 on the allegation that appellant caused A.R. to touch his genitals, the indecency by exposure offense is subsumed within the conduct for which appellant was convicted in Count 2, and is jeopardy-barred.[70]

At trial, there was no evidence of any occasion when appellant exposed his genitals, except for the two instances in which he forced his penis into A.R.'s mouth. In closing argument, the prosecutor told the jury:

> Now, the last one is Count 3 and that's the indecency by exposure. And what that states is that the defendant—we know where it happened, we know it was at [A.R.'s residence]—with the intent to sexually gratify the sexual desire of the defendant exposed part of his genitals, knowing the victim was a child younger than 17 years of age and was not his spouse. So, of course, we know that if he took out his penis, he exposed himself. We know that she touched it, that if she touched his penis, there was—there was sexual contact. We know that if he put his penis in her mouth there was penetration. So I'm going to ask you that you come back and you find him guilty on each and every count.

---

[70] *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.–Austin 1999, pet. ref'd, untimely filed) (holding because appellant was convicted of indecency with a child by exposure in the course of penetration (aggravated sexual assault), the indecency by exposure was a lesser-included offense of aggravated assault, and was jeopardy-barred, where both violations arose from same conduct); *see also Gutierrez v. State*, No. 11-06-00042-CR, 2007 Tex. App. LEXIS, at *3 (Tex. App.–Eastland 2007, no pet.) (holding no double jeopardy violation where appellant was convicted of aggravated sexual assault, indecency with a child by contact, and indecency with a child by exposure, but evidence showed at least three occasions in which appellant exposed himself while compelling complainant to suck on his penis); *Cabral v. State*, 170 S.W.3d 761, 764 (Tex. App.–Fort Worth 2005, pet. ref'd) (finding no double jeopardy violation where appellant's convictions for aggravated sexual assault and indecency with a child by exposure were based on two separate incidents of abuse, both occurring on same day); *Underwood v. State*, No. 11-02-00254-CR, 2004 Tex. App. LEXIS 2962, (Tex. App.–Eastland 2004, pet. ref'd) (holding no double jeopardy violation where indecency with a child by exposure was based on conduct separate from conduct incidental to two penetrations); *Ruiz v. State*, No. 03-00-00525-CR, 2001 Tex. App. LEXIS 5957, at *8 (Tex. App.–Austin 2001, no pet.) (holding no double jeopardy violation and that indecency by exposure was not included within indecency by contact offense where separate events supported separate convictions).

The facts in the present case are similar to those in *Patterson v. State.*[71] In *Patterson*, the court of criminal appeals addressed whether indecency with a child by exposure is subsumed within sexual assault or indecency with a child by contact.[72] Although the *Patterson* court noted that "indecency by exposure may or may not be a part of a sexual assault or indecency by contact, depending on the facts of the case," it found that under the facts before it, the "exposure was incident to and subsumed by the aggravated sexual assault."[73] The court stated:

> In this case, there were two essentially identical assaults, separated by a short period of time. On both occasions, appellant exposed his genitals and penetrated the complainant's anus. The assault in count I, paragraph two, was alleged as aggravated sexual assault of a child by causing contact between appellant's genitals and complainant's anus. The assault in count I was alleged as aggravated sexual assault of a child by penetration of complainant's anus by appellant's genitals, with a separate paragraph alleging indecency with a child by contact by touching the complainant's anus with appellant's genitals. The court of appeals affirmed the two convictions for aggravated sexual assault, then correctly found that penetration required contact and reversed that conviction. The state does not challenge that ruling. The record in this case does not show an occasion during the assaults when the exposure was a separate offense. Under the facts of these incidents, exposure was incident to and subsumed by the aggravated sexual assault.[74]

More recently, in *Ex parte Carpenter*,[75] a habeas corpus petitioner argued that his

---

[71] *Patterson,* 152 S.W.3d at 92.

[72] *Id.*

[73] *Id.*

[74] *Id.* Although the State in *Patterson* characterized its appeal as a "question of double jeopardy," the court of criminal appeals found it unnecessary to address the constitutional issue, and resolved the case "on the basis of statutory construction." *Id.* at 90.

[75] *Ex parte Carpenter*, No. AP-75,897, 2008 Tex. Crim. App. LEXIS 282 (Tex. Crim. App. April 9, 2008).

conviction for indecency with a child by exposure violated double jeopardy.[76] The court of criminal appeals remanded to the trial court for findings of fact and conclusions of law.[77] The trial court found that the petitioner's "conviction for indecency with a child by exposure was 'incident to and subsumed by' the conviction for aggravated sexual assault as set out in count one, and is therefore in violation of the constitutional guarantee against double jeopardy."[78] Thus, the court of criminal appeals found the petitioner entitled to relief, and set aside his conviction for indecency with a child by exposure.[79]

Generally, to preserve a double jeopardy claim, a defendant must object at or before the time the charge is submitted to the jury.[80] An appellant is excused from the preservation requirement, however, when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and (2) enforcement of usual rules of procedural default serves no legitimate state interests.[81]

We recognize that in the present case, the basis for the jury's decision in Count 3 is not "clearly apparent on the face of the record." However, as a result of the erroneous charge which permitted a non-unanimous verdict in Counts 1 and 2, we can only speculate as to the evidence that the jury relied on in convicting appellant in Count 3. Accordingly, in the interest of justice, we also reverse appellant's conviction in Count 3 and remand this

---

[76] *Id.* at *1.

[77] *Id.*

[78] *Id.* at *1-2.

[79] *Id.* at *2.

[80] *Cabral*, 170 S.W.3d at 764 (citing *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000)).

[81] *Id.* (citing *Gonzalez*, 8 S.W.3d at 643).

cause for a new trial.[82]

## V. Conclusion

We reverse appellant's convictions in Counts 1, 2, and 3, and remand for a new trial.

LINDA REYNA YAÑEZ,<br>
Justice

Dissenting Opinion by Justice Vela.

Publish. TEX. R. APP. P. 47.2(b).

Opinion delivered and filed
this the 29th day of July, 2008.

---

[82] *See Ex parte Davis*, 957 S.W.2d 9, 12 (Tex. Crim. App. 1997) (noting that in general, double jeopardy does not prevent the State from retrying a defendant who succeeds in getting his first conviction set aside because of some error in the proceedings leading to conviction).