# CONCURRING OPINION

No. 04-09-00220-CR

Jose Hechavarria **VALDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-9978
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Concurring opinion by:    Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: April 7, 2010

Although I agree the judgment of the trial court should be affirmed, I disagree with the majority's analysis because I believe appellant has waived any right to have his legal and factual sufficiency points of error reviewed.

The indictment charged Valdez with a single count of burglary contained in two paragraphs. Paragraph A alleged appellant entered the habitation with intent to commit the felony of aggravated assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). Paragraph B alleged appellant entered the habitation and attempted to commit and committed the felony of aggravated assault. *See id.* § 30.02(a)(3). The theories were charged in the alternative in a single application paragraph in the jury charge. Appellant attacks only the sufficiency of the evidence to support the conviction under the theory that he actually committed a felony.

The indictment authorizes conviction for the offense of burglary under three different theories — entry with intent to commit a felony, entry and an attempt to commit a felony, and entry and the commission of a felony. All theories charge the same offense. *See DeVaughn v. State*, 749 S.W.2d 62, 64 (Tex. Crim. App. 1988). If alternate theories of committing the same offense are submitted to the jury in the disjunctive, it is proper for the jury to return a general verdict if the evidence is sufficient to support a verdict under any submitted theory. *Sorto v. State*, 173 S.W.3d 469, 472 (Tex. Crim. App. 2005). Because Valdez challenges the legal and factual sufficiency of only one of the theories submitted to the jury (entry and commission of a felony), this court should not consider his sufficiency points. *See Gokey v. State*, Nos. 04-08-00214-CR & 04-08-00215-CR, — WL — (Tex. App.–San Antonio Mar. 3, 2010, no pet. h.) (holding defendant who failed to challenge sufficiency of evidence under both theories of aggravated assault submitted disjunctively to the jury waived sufficiency point of error); *Gonzalez Soto v. State*, 267 S.W.3d 327, 333 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.) (declining to render judgment of acquittal after State conceded evidence was legally insufficient to support one of three theories submitted to jury because jury returned general verdict of guilty and defendant did not challenge sufficiency of evidence as to remaining two theories); *Randall v. State*, 232 S.W.3d 285, 288 (Tex. App.—Beaumont 2007, pet. ref'd.) (overruling defendant's claim of legal insufficiency because defendant did not challenge all theories submitted to jury); *Henderson v. State*, 77 S.W.3d 321, 327 (Tex. App.—Fort Worth 2002, no pet.) (same).

Steven C. Hilbig, Justice