

# NUMBER 13-15-00249-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN GONZALEZ A/K/A
JUAN GONZALES SR. A/K/A
JUAN GONZALEZ SR.,                                                    Appellant,

**v.**

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 445th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Juan Gonzalez a/k/a Juan Gonzales Sr. a/k/a Juan Gonzalez Sr., appeals from his conviction of three counts of sexual assault of N.M, a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West, Westlaw through 2015 R.S.). Appellant was sentenced to three concurrent twenty-year terms of confinement. By two issues,

appellant contends that the evidence is insufficient and "the trial court erred by admitting a duplicate copy of the telephone conversations" between him and N.M.  We affirm.

## I.  SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant challenges the sufficiency of the evidence to support the jury's verdict.  Appellant does not challenge a specific element of the offense.  Instead, appellant argues that no rational juror could have found that he committed the charged offenses beyond a reasonable doubt because "N.M. told her psychiatrist a completely different story about how she was assaulted from what she told the jury; she and her mother agreed that she lied and made things up; she was suffering from serious hallucinations during the time period of the alleged assaults; and she had serious erotomanic delusions about a person other than [appellant]."[1]

### A.    Standard of Review and Applicable Law

In a sufficiency review, we examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010).  The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony.  *Brooks*, 323 S.W.3d at 899.  We must resolve any evidentiary inconsistencies in favor of the judgment.  *Id.*  In addition, a complainant's testimony alone is sufficient to support a conviction for sexual assault.  *Soto v. State*, 267 S.W.3d 327,

---

[1] Appellant notes in his brief that N.M.'s psychiatrist explained that erotomanic delusions "are fixed or delusional thoughts of something sexual or provocative" and that N.M. had become fixated on a security guard at her school and was sending inappropriate messages to him.  Appellant argues that "[i]f that is what N.M. admitted to [her psychiatrist], who knows what she was concealing from him?"  As further explained below, N.M.'s mental health bore on her credibility, which is a subject within the province of the jury.  *See Perry v. State*, 236 S.W.3d 859, 865 (Tex. App.—Texarkana 2007, no pet.) ("[T]he mental capacity of the witness is the proper subject of consideration and impeachment as bearing upon his credibility."); *see also Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).

332 (Tex. App.—Corpus Christi 2008, no pet.); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West, Westlaw through 2015 R.S.) (requiring no corroboration of a child victim's testimony when defendant violated section 22.011 of the penal code); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A person commits the offense of sexual assault of a child, if that person intentionally or knowingly (1) "causes the penetration of the anus or sexual organ of a child by any means"; (2) "causes the penetration of the mouth of a child by the sexual organ of the actor"; (3) "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor" (4) "causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor"; or (5) "causes the mouth of a child to contact the anus or sexual organ of another person, including the actor." TEX. PENAL CODE ANN. § 22.011(a)(2). In this case, appellant was accused of intentionally or knowingly causing N.M.'s sexual organ to contact the sexual organ and mouth of appellant and causing N.M's mouth to contact appellant's sexual organ when N.M was younger than seventeen years of age. *See id.*

**B.    Discussion**

Appellant's attacks on the alleged inconsistencies of N.M.'s testimony must fail because the jury is the sole judge of the credibility of witnesses and is free to accept or reject any or all of the evidence presented by either side. *See Brooks*, 323 S.W.3d at 898–99; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Therefore, even if appellant is correct that there were inconsistencies in her testimony, it was up to the

3

jury to decide whether to believe or disbelieve such testimony. *See id.* Moreover, the jury was free to accept or reject some, all, or none of the N.M.'s testimony in this case. *See Lancon*, 253 S.W.3d at 707.

Next, appellant argues that N.M.'s testimony could not be believed because she stated that she suffered from hallucinations at the time when appellant allegedly committed the offenses. However, she also testified that she was not hallucinating when appellant committed the alleged sexual assaults. And, her psychiatrist testified that the hallucinations were caused by post-traumatic stress disorder that N.M. had as a result of the sexual abuse. N.M.'s mental health bore on her credibility. *See Perry v. State*, 236 S.W.3d 859, 865 (Tex. App.—Texarkana 2007, no pet.) ("[T]he mental capacity of the witness is the proper subject of consideration and impeachment as bearing upon his credibility."). Thus, it was within the jury's province, taking into consideration N.M.'s mental health, to determine whether N.M.'s testimony was believable. *See Lancon*, 253 S.W.3d at 707.

Moreover, N.M. testified regarding several instances wherein appellant allegedly committed the sexual assaults. Specifically, N.M. testified that when she was fifteen or sixteen, appellant took her to a secluded road, rubbed her beneath her skirt, unzipped his pants, and made her suck his penis. N.M. also stated that appellant put his finger in her vagina and told her that she was very beautiful. According to N.M., on a different occasion, appellant put his penis in her vagina, and on another occasion, he placed his mouth on her vagina and put his tongue in it. Thus, N.M.'s testimony alone supports the verdict in this case. *See Soto*, 267 S.W.3d at 332. We overrule appellant's first issue.

## II. ADMISSION OF RECORDINGS OF TELEPHONE CONVERSATIONS

By his second issue, appellant contends that the trial court improperly admitted a copy of a recording of phone conversations between N.M. and appellant. Specifically,

4

appellant argues that the copies were inadmissible under the best evidence rule. *See* TEX. R. EVID. 1002 (providing that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or other law provides otherwise"). The State responds that under rule of evidence 1003, an exception to the best evidence rule, a "duplicate is admissible to the same extent as the original unless a question is raised about the original's authenticity. . . ." *Id.* R. 1003. We agree with the State.

The best evidence rule states the general proposition that the original of a writing, recording, or photograph is required to prove its contents unless otherwise provided by law. *See id.* R. 1002. However, rule 1003 allows the admission of a duplicate copy to the same extent as the original *unless* the opponent raises a question about the original's authenticity. *See id.* R. 1003 (emphasis added). Here, appellant did not challenge the authenticity of the original audio recordings in the trial court and does not do so on appeal. *See Ballard v. State*, 23 S.W.3d 178, 181 (Tex. App.—Waco 2000, no pet.) (finding that a copy of a video was admissible under rule 1003 because the appellant failed to challenge the authenticity of the original); *see also Cantu v. State*, No. 13-10-00270-CR, 2011 WL 3667450, at *10 (Tex. App.—Corpus Christi Aug. 22, 2011, pet. ref'd) (mem. op., not designated for publication) ("In this case, the trial court would not have abused its discretion in concluding that the duplicate copy of Jessica's letter to Santa was admissible to the same extent as an original because the authenticity of the original was not questioned at trial, and Cantu has not questioned the original's authenticity on appeal."). In addition, N.M. testified that the recordings were accurate depictions of the conversations she had with appellant. Thus, we cannot conclude that the trial court abused its discretion by admitting the duplicate copies of the audio recordings of the phone conversations. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) ("When reviewing a trial court's ruling on the admission of evidence, an appellate court

applies an abuse of discretion standard of review."). We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of May, 2016.

6