

# NUMBER 13-08-00170-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**EDELMIRO BELMARES DE LEON,**                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Edelmiro Belmares De Leon challenges his conviction by a jury on two

counts of aggravated sexual assault.[1]  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i),

---

[1] De Leon was also indicted and tried for the offense of attempted murder, *see* TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003), but the jury acquitted him of that charge.

(2)(A)(ii)-(iv) (Vernon Supp. 2009). The trial court sentenced him to seventeen years' imprisonment. By five issues, De Leon argues that the trial court erred by failing to specifically instruct the jury that an unanimous verdict regarding specific conduct must be reached. We affirm.

## I. BACKGROUND

De Leon was indicted for two counts of aggravated sexual assault in connection with an alleged attack on his girlfriend, B.J.W., on September 9, 2007. His case was tried to a jury. At trial, there was testimony and other evidence that De Leon choked B.J.W. with his hands and a belt and then inserted his penis into B.J.W.'s vagina and anus without her consent.

At the close of De Leon's case, the court instructed the jury in two separate charges—one for each count of aggravated sexual assault—on the elements they must find to convict De Leon of each count. The jury charge on the first count read, in relevant part, as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about September 9, 2007 . . . the Defendant . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of [B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and the Defendant did then and there by acts or words threaten to cause, or place [B.J.W.] in fear that death or serious bodily injury would be imminently inflicted on [B.J.W.], and said acts and words occurred in the presence of [B.J.W.], then you will find the Defendant guilty of the offense of Aggravated Sexual Assault, as charged in the indictment;
>
> OR
>
> If you find from the evidence beyond a reasonable doubt that on or about September 9, 2007 . . . the Defendant . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of [B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and in the course of the same criminal episode the defendant used or exhibited

2

a deadly weapon, to wit: his hands . . . then you will find the Defendant guilty of the offense of Aggravated Sexual Assault, as charged in the indictment;

OR

If you find from the evidence beyond a reasonable doubt that on or about September 9, 2007 . . . the Defendant . . . did then and there intentionally or knowingly cause the penetration of the sexual organ of [B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and in the course of the same criminal episode the defendant used or exhibited a deadly weapon, to wit: a belt . . . then you will find the Defendant guilty of the offense of Aggravated Sexual Assault, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the Defendant not guilty.

The language in the jury charge on the second count was identical to the preceding language, except that "sexual organ" was replaced with "anus."

After deliberation, the jury returned a guilty verdict on both counts of aggravated sexual assault. The trial court assessed punishment at seventeen years in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## II. STANDARD OF REVIEW

In analyzing a jury charge issue, our initial inquiry is whether error exists in the charge submitted to the jury. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc); *Gonzalez Soto v. State*, 267 S.W.3d 327, 334 (Tex. App.–Corpus Christi 2008, no pet.). If error is found, the degree of harm necessary for reversal depends on whether the appellant preserved the error by objection. *Ngo*, 175 S.W.3d at 743. If the defendant properly objected to the erroneous jury charge, reversal is required if we find "some harm" to the defendant's rights. *Id.* However, here, De Leon concedes that he did not object to the jury charge at trial, so we may only reverse if the record shows egregious harm. *See id.* at 743-44.

3

## III.  DISCUSSION

By five issues, which we group as one for purposes of our analysis, *see* Tex. R. App. P. 47.1, De Leon contends that the trial court erred by failing to instruct the jury that it must reach a unanimous verdict regarding specific acts of conduct.[2]  Specifically, De Leon challenges the trial court's submission of alternative aggravating factors within the instructions for each of the two counts of sexual assault, arguing that his constitutional and statutory rights were violated because the jury was not required to unanimously agree on the aggravating factor applicable to his case.  *See* U.S. Const. amends. VI, XIV; Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2009).

### A.    Applicable Law

When the State charges that an individual committed different criminal acts, regardless of whether those acts are violations of the same or different statutory provisions, the trial court must instruct the jury that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of the criminal acts.  *Ngo*, 175 S.W.3d at 744.  However, "[t]he unanimity requirement is not violated when the jury has the option of choosing between alternative modes of commission." *Pizzo v. State*, 235 S.W.3d 711, (Tex. Crim App. 2007); *see also Luna v. State*, 268 S.W.3d 594, 601 (Tex. Crim. App. 2008).

---

[2]  By his first issue, De Leon argues that the trial court's failure to properly instruct the jury caused him egregious harm.  In his second issue, De Leon contends that this error by the trial court violated his right to due process under the United States Constitution.  By his third, fourth, and fifth issues, De Leon claims that this same error denied him his right to a fair and impartial trial as guaranteed by the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure, respectively.

Aggravated sexual assault "is a conduct oriented offense that criminalizes separate and distinct acts of commission." *Gonzalez Soto*, 267 S.W.3d at 335 (citing *Vick v. State*, 991 S.W.2d 830, 833-34 (Tex. Crim. App. 1999)); *see also Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim App. 2008). In relevant part, the penal code criminalizes the following acts as sexual assault: intentionally or knowingly "caus[ing] the penetration of the anus or female sexual organ of another person by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i). An act becomes the elevated offense of aggravated sexual assault if the defendant: (1) "by acts or words places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person"; (2) "by acts or words occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping of any person"; or (3) "uses or exhibits a deadly weapon in the course of the same criminal episode." *Id.* § 22.021(a)(2)(A)(ii)-(iv).

## B. Analysis

Here, the trial court instructed the jury separately for each count of aggravated sexual assault. The first instruction dealt with the act of De Leon causing penetration of B.J.W.'s sexual organ by his sexual organ; the second instruction dealt with the act of De Leon causing penetration of her anus by his sexual organ. By separating the alleged acts into two distinct instructions, the trial court ensured the verdicts would be unanimous with regard to De Leon's separate and distinct assaults on B.J.W. *See Ngo*, 175 S.W.3d at 745 (reasoning that unanimity is present if the jurors agree that "the defendant committed the same, single, specific criminal act").

The question thus becomes whether the trial court's decision to submit to the jury three aggravating circumstances disjunctively within each instruction violated De Leon's right to a unanimous verdict. We conclude it did not. Whether De Leon threatened B.J.W. with serious bodily injury or death or exhibited a deadly weapon during the course of the sexual assaults are not separate and distinct acts of commission that invoke the unanimity requirement. *See Vick*, 991 S.W.2d at 833-34.[3] Rather, the conduct defined in subsection 22.021(a)(1)(A) constitutes the gravamen of the offense of aggravated sexual assault of an adult, *see Nickerson v. State*, 69 S.W.3d 661, 671 (Tex. App.–Waco 2002, pet. ref'd), and the three aggravating elements submitted in the jury charge for each count were merely alternative methods of committing same offense. *See Luna*, 268 S.W.3d at 601; *see also Davis v. State*, No. 05-05-01694-CR, 2007 WL 122138, at *6 (Tex. App–Dallas Jan. 18, 2007, no pet.) (not designated for publication). Accordingly, the trial court did not err in submitting the aggravating elements disjunctively within each challenged charge.[4] *See Pizzo*, 235 S.W.3d at 715 (citing *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)). De Leon's unanimity issue is thus overruled.

---

[3] We believe that the law on unanimity in the court of criminal appeal's capital murder jurisprudence is also instructive and analogous under the facts of this case. In *Gardner v. State*, the defendant complained on appeal that the jury's verdict was not unanimous because the jury was not instructed to determine whether he was guilty of capital murder for shooting the victim while committing the offense of burglary or while committing the offense of retaliation. No. AP-75582, 2009 WL 3365652, at *15 (Tex. Crim. App Oct. 21, 2009). In upholding the verdict, the court stated that the "the gravamen of capital murder is intentionally (or knowingly) causing a death" while in the course of committing one of a laundry list of other crimes, i.e. "aggravating elements." *Id.* (citing *Kitchens v. State*, 823 S.W.2d 256, 257 (Tex. Crim. App. 1991)); *see* TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon Supp. 2009) (listing the various felonies which, if committed in the course of committing murder, elevate, or aggravate, murder to capital murder). Thus, "[t]he jury did not need to be unanimous on which of the two underlying felonies the defendant was in the course of committing." *Gardner*, 2009 WL 3365652, at *15. We conclude the same reasoning applies here.

[4] Having determined that the jury instructions at De Leon's trial were not erroneous, we need not decide whether De Leon suffered egregious harm. *See Ngo*, 175 S.W.3d at 743-44.

## IV.  CONCLUSION

The judgment of the trial court is affirmed.

 

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the  21st
day of December, 2009.