NUMBER 13-08-00170-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EDELMIRO BELMARES DE LEON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 370th District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellant Edelmiro Belmares De Leon challenges his conviction by a jury on two
counts of aggravated sexual assault. (1) See Tex. Penal Code Ann. § 22.021(a)(1)(A)(i), 
(2)(A)(ii)-(iv) (Vernon Supp. 2009). The trial court sentenced him to seventeen years'
imprisonment. By five issues, De Leon argues that the trial court erred by failing to
specifically instruct the jury that an unanimous verdict regarding specific conduct must be
reached. We affirm.

I. BACKGROUND

 De Leon was indicted for two counts of aggravated sexual assault in connection with
an alleged attack on his girlfriend, B.J.W., on September 9, 2007. His case was tried to
a jury. At trial, there was testimony and other evidence that De Leon choked B.J.W. with
his hands and a belt and then inserted his penis into B.J.W.'s vagina and anus without her
consent.

 At the close of De Leon's case, the court instructed the jury in two separate
charges--one for each count of aggravated sexual assault--on the elements they must
find to convict De Leon of each count. The jury charge on the first count read, in relevant
part, as follows:

 Now if you find from the evidence beyond a reasonable doubt that on
or about September 9, 2007 . . . the Defendant . . . did then and there
intentionally or knowingly cause the penetration of the sexual organ of
[B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and
the Defendant did then and there by acts or words threaten to cause, or
place [B.J.W.] in fear that death or serious bodily injury would be imminently
inflicted on [B.J.W.], and said acts and words occurred in the presence of
[B.J.W.], then you will find the Defendant guilty of the offense of Aggravated
Sexual Assault, as charged in the indictment;

 

 OR

 

 If you find from the evidence beyond a reasonable doubt that on or
about September 9, 2007 . . . the Defendant . . . did then and there
intentionally or knowingly cause the penetration of the sexual organ of
[B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and
in the course of the same criminal episode the defendant used or exhibited
a deadly weapon, to wit: his hands . . . then you will find the Defendant guilty
of the offense of Aggravated Sexual Assault, as charged in the indictment;

 

 OR

 

 If you find from the evidence beyond a reasonable doubt that on or
about September 9, 2007 . . . the Defendant . . . did then and there
intentionally or knowingly cause the penetration of the sexual organ of
[B.J.W.] by defendant's sexual organ, without the consent of [B.J.W.], and
in the course of the same criminal episode the defendant used or exhibited
a deadly weapon, to wit: a belt . . . then you will find the Defendant guilty of
the offense of Aggravated Sexual Assault, as charged in the indictment.

 

 Unless you so find beyond a reasonable doubt, or if you have a
reasonable doubt thereof, you will find the Defendant not guilty. 


The language in the jury charge on the second count was identical to the preceding
language, except that "sexual organ" was replaced with "anus."

 After deliberation, the jury returned a guilty verdict on both counts of aggravated
sexual assault. The trial court assessed punishment at seventeen years in the Institutional
Division of the Texas Department of Criminal Justice. This appeal ensued. 

II. STANDARD OF REVIEW

 In analyzing a jury charge issue, our initial inquiry is whether error exists in the
charge submitted to the jury. Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)
(en banc); Gonzalez Soto v. State, 267 S.W.3d 327, 334 (Tex. App.-Corpus Christi 2008,
no pet.). If error is found, the degree of harm necessary for reversal depends on whether
the appellant preserved the error by objection. Ngo, 175 S.W.3d at 743. If the defendant
properly objected to the erroneous jury charge, reversal is required if we find "some harm"
to the defendant's rights. Id. However, here, De Leon concedes that he did not object to
the jury charge at trial, so we may only reverse if the record shows egregious harm. See
id. at 743-44.

III. DISCUSSION

 By five issues, which we group as one for purposes of our analysis, see Tex. R. App.
P. 47.1, De Leon contends that the trial court erred by failing to instruct the jury that it must
reach a unanimous verdict regarding specific acts of conduct. (2) Specifically, De Leon
challenges the trial court's submission of alternative aggravating factors within the
instructions for each of the two counts of sexual assault, arguing that his constitutional and
statutory rights were violated because the jury was not required to unanimously agree on
the aggravating factor applicable to his case. See U.S. Const. amends. VI, XIV; Tex.
Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2009). 

A. Applicable Law

 When the State charges that an individual committed different criminal acts,
regardless of whether those acts are violations of the same or different statutory provisions,
the trial court must instruct the jury that it cannot return a guilty verdict unless it
unanimously agrees upon the commission of any one of the criminal acts. Ngo, 175
S.W.3d at 744. However, "[t]he unanimity requirement is not violated when the jury has
the option of choosing between alternative modes of commission." Pizzo v. State, 235
S.W.3d 711, (Tex. Crim App. 2007); see also Luna v. State, 268 S.W.3d 594, 601 (Tex.
Crim. App. 2008). 

 

 Aggravated sexual assault "is a conduct oriented offense that criminalizes separate
and distinct acts of commission." Gonzalez Soto, 267 S.W.3d at 335 (citing Vick v. State,
991 S.W.2d 830, 833-34 (Tex. Crim. App. 1999)); see also Huffman v. State, 267 S.W.3d
902, 907 (Tex. Crim App. 2008). In relevant part, the penal code criminalizes the following
acts as sexual assault: intentionally or knowingly "caus[ing] the penetration of the anus or
female sexual organ of another person by any means, without that person's consent." Tex.
Penal Code Ann. § 22.021(a)(1)(A)(i). An act becomes the elevated offense of aggravated
sexual assault if the defendant: (1) "by acts or words places the victim in fear that death,
serious bodily injury, or kidnapping will be imminently inflicted on any person"; (2) "by acts
or words occurring in the presence of the victim threatens to cause death, serious bodily
injury, or kidnapping of any person"; or (3) "uses or exhibits a deadly weapon in the course
of the same criminal episode." Id. § 22.021(a)(2)(A)(ii)-(iv).

B. Analysis

 Here, the trial court instructed the jury separately for each count of aggravated
sexual assault. The first instruction dealt with the act of De Leon causing penetration of
B.J.W.'s sexual organ by his sexual organ; the second instruction dealt with the act of De
Leon causing penetration of her anus by his sexual organ. By separating the alleged acts
into two distinct instructions, the trial court ensured the verdicts would be unanimous with
regard to De Leon's separate and distinct assaults on B.J.W. See Ngo, 175 S.W.3d at 745
(reasoning that unanimity is present if the jurors agree that "the defendant committed the
same, single, specific criminal act").

 

 The question thus becomes whether the trial court's decision to submit to the jury
three aggravating circumstances disjunctively within each instruction violated De Leon's
right to a unanimous verdict. We conclude it did not. Whether De Leon threatened B.J.W.
with serious bodily injury or death or exhibited a deadly weapon during the course of the
sexual assaults are not separate and distinct acts of commission that invoke the unanimity
requirement. See Vick, 991 S.W.2d at 833-34. (3) Rather, the conduct defined in subsection
22.021(a)(1)(A) constitutes the gravamen of the offense of aggravated sexual assault of
an adult, see Nickerson v. State, 69 S.W.3d 661, 671 (Tex. App.-Waco 2002, pet. ref'd),
and the three aggravating elements submitted in the jury charge for each count were
merely alternative methods of committing same offense. See Luna, 268 S.W.3d at 601;
see also Davis v. State, No. 05-05-01694-CR, 2007 WL 122138, at *6 (Tex. App-Dallas
Jan. 18, 2007, no pet.) (not designated for publication). Accordingly, the trial court did not
err in submitting the aggravating elements disjunctively within each challenged charge. (4) 
See Pizzo, 235 S.W.3d at 715 (citing Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991)). De Leon's unanimity issue is thus overruled.

IV. CONCLUSION

 The judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 21st 

day of December, 2009.
1. De Leon was also indicted and tried for the offense of attempted murder, see Tex. Penal Code Ann.
§ 19.02(b)(1) (Vernon 2003), but the jury acquitted him of that charge.
2. By his first issue, De Leon argues that the trial court's failure to properly instruct the jury caused him
egregious harm. In his second issue, De Leon contends that this error by the trial court violated his right to
due process under the United States Constitution. By his third, fourth, and fifth issues, De Leon claims that
this same error denied him his right to a fair and impartial trial as guaranteed by the United States
Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure, respectively. 
3. We believe that the law on unanimity in the court of criminal appeal's capital murder jurisprudence
is also instructive and analogous under the facts of this case. In Gardner v. State, the defendant complained
on appeal that the jury's verdict was not unanimous because the jury was not instructed to determine whether
he was guilty of capital murder for shooting the victim while committing the offense of burglary or while
committing the offense of retaliation. No. AP-75582, 2009 WL 3365652, at *15 (Tex. Crim. App Oct. 21,
2009). In upholding the verdict, the court stated that the "the gravamen of capital murder is intentionally (or
knowingly) causing a death" while in the course of committing one of a laundry list of other crimes, i.e.
"aggravating elements." Id. (citing Kitchens v. State, 823 S.W.2d 256, 257 (Tex. Crim. App. 1991)); see Tex.
Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2009) (listing the various felonies which, if committed in the
course of committing murder, elevate, or aggravate, murder to capital murder). Thus, "[t]he jury did not need
to be unanimous on which of the two underlying felonies the defendant was in the course of committing." 
Gardner, 2009 WL 3365652, at *15. We conclude the same reasoning applies here. 
4. Having determined that the jury instructions at De Leon's trial were not erroneous, we need not
decide whether De Leon suffered egregious harm. See Ngo, 175 S.W.3d at 743-44.