NUMBER 13-12-00558-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG



ISAAC GONZALEZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant, Isaac Gonzalez, guilty of two counts of indecency with a child, a second-degree felony, *see* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011), and one count of aggravated sexual assault of a child, a first-degree felony.[1]  *See id.* § 22.021 (a)(1)(B)(iii), (a)(2)(B) (West Supp. 2011).  Appellant was sentenced to life

---

[1] The jury acquitted appellant of a third count of indecency with a child.

imprisonment for the aggravated sexual assault of a child and fifteen years' confinement for each count of indecency with a child. The trial court ordered that the sentences run concurrently. By two issues, appellant contends that: (1) the evidence was insufficient to support his convictions; and (2) the sentence imposed "violates his US Constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." We affirm.[2]

## I. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant attacks the sufficiency of the evidence on the basis that there were no witnesses to the offenses, there was no medical, forensic or scientific evidence, and "the State's case was based solely on the testimony of the alleged victim, whose testimony was shown to be unreliable at best." To support his claim of insufficient evidence, appellant merely cites portions of the testimony presented at trial, which he believes contain inconsistencies.

## A. Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). A complainant's testimony alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.— Corpus Christi 2008, no pet.); *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Worth 2007, no pet.); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd) *overruled on other grounds by Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2011) (requiring no corroboration of a child victim's testimony when defendant is accused of violating section 22.021 of the penal code); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). Furthermore, corroboration of the victim's testimony by medical or physical evidence is not required. *Soto*, 267 S.W.3d at 332; *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1).

A person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet ref'd) (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981)).

A person commits the offense of aggravated sexual assault, as charged in this case, if the person intentionally or knowingly causes the sexual organ of a child to contact the sexual organ of the actor and the child is younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021 (a)(1)(B)(iii), (a)(2)(B).

**B. The Evidence**

3

The child stated that appellant touched her "middle part," when she was ten years old and that he told her not to tell anyone because he would "be taken away for a long time."[3]  The child testified that, on another occasion when she was ten years old, around Easter, appellant touched her "middle part."  The child stated that when she referred to her "middle part" she was talking about her "vaginal area."  Again, according to the child, appellant warned her not to tell anyone what he had done.  The child testified that appellant had touched her "middle part" again on another occasion.  The child could not recall exactly when this incident occurred but "thought" that she was in sixth grade.  The child also testified that on a fourth occasion when she was either in seventh grade or going to be in eighth grade, during the summer, appellant touched her "middle part" again.

Finally, the child stated that, the year before appellant's trial, when she was in the eighth grade, appellant pulled her into his room while he was not wearing any pants. The child said that she saw appellant's "middle part."  The child agreed with the prosecutor that a boy's "middle part" is "what boys go to the bathroom with" and is "known as a penis."  The child explained that she saw appellant's penis because "his boxers were down."  The child stated that appellant's penis "was sticking up" and was "hard."  The child said, "[appellant] started to pull my pants down, and he tried to put his stuff into my middle part."[4]  The prosecutor asked, "Was that skin to skin," and the child replied, "Yes, ma'am."  The child testified that appellant pulled her down to the ground and "kept trying to put [his middle part] in [her] middle part" and that it hurt.  The child

---

[3] The child was born on December 9, 1997.

[4] The child confirmed that appellant pulled her pants down.

4

stated that she yelled during the attack, but that appellant told her to stop yelling because "he was going to get taken away and it'd be admit [sic] fault and [she] would have nobody to help pay bills." The child eventually escaped from appellant.

**C. Discussion**

Appellant's attacks on the alleged inconsistencies in the testimony presented at trial fail because the jury is the sole judge of the credibility of witnesses and is free to accept or reject any or all of the evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Therefore, even if appellant is correct that there were inconsistencies in the testimony presented, it was up to the jury to decide which part of the testimony to believe or disbelieve. Appellant's argument that there was no corroborating evidence also fails because the child's testimony alone can support the verdict and no corroborating evidence is required. *See Soto*, 267 S.W.3d at 332; *Connell*, 233 S.W.3d at 466; *Ozuna*, 199 S.W.3d at 606; *Perez*, 113 S.W.3d at 838; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07; *Tear*, 74 S.W.3d at 560. Moreover, the jury was free to accept or reject some, all, or none of the child's testimony in this case. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010) ("[The finder of fact] is entitled to believe or disbelieve all or part of the witness's testimony-even if that testimony is uncontroverted-because he has the opportunity to observe the witness's demeanor and appearance."). Here, the child testified to four instances wherein appellant allegedly touched her vagina and told her not to tell anyone. The child also testified that appellant touched her vagina with his "hard" penis while attempting to penetrate her vagina. Thus, the child's testimony alone supports the verdict in this case. We overrule appellant's first issue.

5

## II. PUNISHMENT

By his second issue, appellant contends that "the sentence imposed by the court in this case violates his US constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code."[5] Specifically, appellant argues that his sentence is inappropriate because it is at the top of the statutory range of punishment.

To preserve a complaint of improper sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see also* TEX. R. APP. P. 33.1. Here, appellant did not object when the trial court imposed the complained-of sentence or complain of the sentence in any post-trial motion. Moreover, appellant's sentences for aggravated sexual assault of a child and indecency with a child are within the punishment ranges for each of the offenses.[6] A punishment falling within the limits prescribed by a valid statute, as in this case, is not per se excessive,

---

[5] Appellant "acknowledges that this argument is foreclosed under current law but raises it in an adversarial fashion for purposes of preserving error for possible further review."

[6] Aggravated sexual assault of a child is a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (e) (West Supp. 2011). A person found guilty of a first-degree felony can be imprisoned "for life or for any term of not more than 99 years or less than 5 years." *See id.* § 12.32 (West 2011). Appellant received a life sentence for the aggravated sexual assault conviction. Indecency with a child is a second-degree felony, *see id.* § 21.11(d) (West 2011), with a punishment range of two to twenty years. *See id.* § 12.33 (West 2011). Appellant received a sentence of fifteen years' confinement for each count of indecency with a child.

cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. Therefore, because appellant failed to object to the sentence and the sentence is within the punishment range, we overrule appellant's second issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.