

**NUMBER 13-12-00301-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TIMOTHY ALLEN FOSS SR.,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

---

**On appeal from the 411th District Court
of Polk County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Timothy Allen Foss Sr. challenges his conviction for indecency with A.S.,

a child, by sexual contact, a second-degree felony.[1]  *See* TEX. PENAL CODE ANN. §

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

21.11(a)(1) (West 2011). After returning a guilty verdict, the jury assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. By four issues, Foss complains that (1) the trial court erred when it allowed the State to ask leading questions of A.S.; (2) the State failed to corroborate A.S.'s testimony; (3) the trial court erred in admitting evidence of alleged sexual assaults against A.S. by persons other than Foss; and (4) trial counsel provided ineffective assistance.[2] We affirm.

## I. EVIDENTIARY ISSUES[3]

## A.  A.J.'s Testimony in Response to Leading Questions

By his first issue, Foss contends that the trial court erred when it allowed the State to ask A.S. leading questions on direct examination. Foss asserts that this form of evidence presentation was not appropriate because the fourteen-year-old child was not of a tender age and because the child demonstrated the ability to testify on cross-examination. Foss claims that the State's leading questions resulted in evidence that was not competent. However, Foss did not object to the State's leading questions and so preserved nothing for our review. *See* TEX. R. APP. P. 33.1 (setting out that the complaining party must make a specific objection at the earliest possible opportunity and seek a ruling on that objection); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We overrule Foss's first issue.

---

[2] We have reorganized and renumbered Foss's three issues as four.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

**B. No Corroborating Testimony**

In his second issue, Foss contends that the evidence is insufficient because the State failed to corroborate A.S.'s testimony with subsequent witnesses. Foss argues that, instead, the outcry testimony was inconsistent with A.S.'s testimony in many instances.

In reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). A child sexual-abuse complainant's testimony alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.); *Perez v. State*, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref'd), *overruled on other grounds Taylor v. State*, 268 S.W.3d 571, 587 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West Supp. 2012) (requiring no corroboration of a child complainant's testimony when defendant is accused of violating a section of chapter 21 of the penal code).

A person commits indecency with a child if the person engages in sexual contact with a child younger than seventeen or causes the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). "Sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). The specific intent required for the offense of indecency with a child may be

3

inferred from a defendant's conduct. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd) (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981)).

In this case, A.S. testified that he was fourteen years old at the time of trial. Testimony also established that A.S. had never been married. *See* TEX. PENAL CODE ANN. § 21.11(b-1) ("It is an affirmative defense to prosecution under this section that the actor was the spouse of the child at the time of the offense."). A.S. also testified that Foss touched him on his "private" with Foss's "private" through A.S.'s clothes when A.S. was eight or nine years old. According to A.S., Foss told A.S. to go into Foss's room while his cousins played a video game in the living room. Foss closed and locked the door and told A.S. to lie down on the "one big queen size bed." Foss took off his clothes while standing, then got on top of A.S. Foss "press[ed] down on" A.S. with his "private," and Foss's "private" touched A.S.'s "private" through A.S.'s underwear. According to A.S., there was no skin-to-skin contact. A.S. described Foss's private as "big and it had no hair on it," shaped like a pen, straight, and "hard as a rock." A.S. testified the incident lasted "maybe about five seconds"; A.S. did not say anything during the incident because he was scared, and Foss told him afterwards, "Don't tell anyone or I'll get you."

Foss's attack on the alleged inconsistencies in the testimony, i.e., A.S.'s testimony and the outcry witness's testimony, fails because the jury is the sole judge of the credibility of witnesses and is free to accept or reject some, all, or none of the testimony in this case. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010) ("[The jury] is entitled to believe or disbelieve all or part of the witness's testimony . . . because

4

[it] has the opportunity to observe the witness's demeanor and appearance."); *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). The jury chose to believe A.S.'s version of events, and the legal sufficiency standard of review requires that this credibility determination stand. *See Brooks*, 323 S.W.3d at 899. So even if Foss is correct that there were inconsistencies in the testimony presented, it was up to the jury to decide which part of the testimony to believe or disbelieve.

Foss's argument that there was no corroborating evidence also fails because A.S.'s testimony alone can support the verdict and no corroborating evidence is required. *See Soto*, 267 S.W.3d at 332; *Perez*, 113 S.W.3d at 838; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07. Here, A.S. testified that he was eight or nine when Foss had sexual contact with him by touching his genitals through his clothing. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). And the jury could have inferred that Foss touched A.S. with the intent to arouse himself through A.S.'s testimony that Foss took him to his room, locked the door, and told A.S. to lie down on the bed. *See id.* § 21.11(c); *Bazanes*, 310 S.W.3d at 40. A.S. testified that Foss took off his clothes, got on top of A.S., pressed down on him. A.S. described Foss's "private" as "hard as a rock." A.S.'s testimony alone supports a guilty verdict. *See Soto*, 267 S.W.3d at 332; *Perez*, 113 S.W.3d at 838; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.07.

In sum, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of indecency with a child beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. We overrule Foss's second issue.

## C. Testimony Regarding Alleged Sexual Assaults Against A.S. by Other Persons

Foss complains by his third issue that the trial court abused its discretion when it allowed evidence of alleged sexual assaults against A.S. by persons other than Foss. He claims that this evidence had "no redeeming evidentiary relevance with regard to his guilt," unfairly prejudiced him, and resulted in "an unreliable verdict by the triers of fact." However, Foss made no objection to any testimony about the extraneous offenses involving other persons. Instead, Foss's counsel mentioned the extraneous conduct during opening statements, extensively cross-examined several witnesses on the subject, and called one of those persons during the defense's case-in-chief. That person denied any improper conduct. Foss has preserved nothing for our review on this issue. *See* TEX. R. APP. P. 33.1; *Wilson*, 71 S.W.3d at 349. We overrule the third issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his fourth issue, Foss generally contends that his trial counsel was ineffective in investigating the State's case, in precluding inappropriate, irrelevant, and unduly prejudicial evidence, and in preserving error. More specifically, Foss complains of counsel's failure: (1) to request notice of extraneous offense evidence; (2) to file any pre-trial motions; (3) to object to testimony regarding allegations of sexual assault of A.S. by two others and to request a hearing for the purpose of determining the admissibility of evidence of these allegations; (4) to object to the admission of evidence, including but not limited to A.S.'s unrecorded statement; (5) to request a limiting instruction in the jury charge about extraneous offense evidence; and (6) to object to testimony from the forensic interviewer about A.S.'s believability and the substance of A.S.'s conversation

6

with the interviewer.

A claim that trial counsel was ineffective is generally analyzed under the familiar standard set forth in *Strickland v. Washington.* 466 U.S. 668, 687 (1984). To obtain a reversal of a conviction for ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* The court of criminal appeals has recently explained this standard as follows:

> For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. An ineffective-assistance claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. This statement is true with regard to the deficient performance prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.

*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012) (citations omitted).

The present record is insufficiently developed to show counsel's reasons for not making objections to leading questions and to certain testimony, for not filing pre-trial motions, and for not requesting a limiting instruction about extraneous offense evidence. *See id.* Counsel's reasons for failing to act in this regard do not appear in the record, and we cannot conclude that the challenged conduct was so outrageous that no competent attorney would have engaged in it. *See id.* at 593. Foss has not demonstrated deficient

performance by counsel. *See id; see also Strickland*, 466 U.S. at 687. And Foss has not established that any of these complained-of decisions prejudiced him. *See Menefield*, 363 S.W.3d at 592; *Strickland,* 466 U.S. at 687. Based on the record before us, we cannot conclude that Foss's trial counsel performance was ineffective. We overrule Foss's fourth issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 19th
day of December, 2013.