

**NUMBER 13-13-00334-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**GABRIEL E. TORRES,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Gabriel Torres brings this appeal of his conviction for two counts of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11 (c)(2) (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND

Testimony at trial revealed that in December 2010, two students approached Chris Rangel, a fifth-grade teacher at Fannin Elementary School, and told him to talk with E.N.[1] Rangel testified that E.N. told him that her step-father (Torres) was touching her "inappropriately." Rangel testified that he took E.N. to the school's counselor, Ouida Plimper. Plimper confirmed that E.N. made the same statements to her that she made to Rangel. Plimper subsequently made a report to Child Protection Services. E.N. was taken to a children's hospital where Nurse Elizabeth Williams conducted a physical examination. E.N. was also taken to the Children's Advocacy Center where Ricardo Jimenez conducted a forensic interview. The case was referred to the Corpus Christi Police Department, which initiated an investigation through the Family Violence Unit.

Torres was indicted on May 17, 2012 and charged with three counts of indecency with a child by sexual contact. *See id.* During trial, the State dropped the third count. The jury found Torres guilty of both counts and sentenced Torres to five years for each count to be served consecutively. Torres filed a timely notice of appeal. By one issue, Torres argues that the evidence is legally insufficient to prove beyond a reasonable doubt that he made "sexual contact" with E.N. under section 21.11(c)(2) of the Texas Penal Code. *Id.*

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Under the legal sufficiency standard of review, we ask whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.*

---

[1] E.N. is the moniker the trial court used to identify the child sexual abuse complainant.

*Virginia*, 443 U.S. 307, 319 (1979). We give great deference to the trier of fact. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Thus, we will uphold the verdict unless a juror "must have had reasonable doubt as to any essential element." *Id.*

"Courts give wide latitude to testimony given by child victims of sexual abuse." *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). The child complainant's description of the abuse need not be "precise." *Id.* This rule "reflect[s] the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

We measure sufficiency of the evidence by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Under section 21.11(a)(1), the essential elements that the State must prove are that the individual, with the intent to arouse the sexual desires of any person, knowingly engaged in sexual contact with a child younger than seventeen. TEX. PENAL CODE ANN. § 21.11(a)(1)(c) (West, Westlaw through 2013 3d C.S.); *see Pizzo v. State,* 235 S.W.3d 711, 717 (Tex. Crim. App. 2007). "Sexual contact" is defined in 21.11(c) as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." TEX. PENAL CODE ANN. § 21.11(c)(1) (West, Westlaw through 2013 3d C.S.).

### III. ANALYSIS

Torres argues that the State failed to prove that the alleged sexual contact testified to at trial met the statutory definition of sexual contact under section 21.11(c)(1) because

3

E.N. never used those words specifically.[2]  This is the only essential element of the crime that Torres challenges.

The State's case consisted of testimony by Rangel, Ricardo, Williams, and E.N. Throughout all of the testimony, E.N. herself never used the technical terms for any body parts or female sexual organs.  Rangel testified that E.N. told him that she was "inappropriately touched" by her step-father.  During Williams's testimony, the State admitted into evidence, without objection, the patient history of E.N.  According to Williams, the words written in the patient history are not a summary of the patient's words but rather the exact words of E.N. herself.  The patient history indicated that E.N. told Williams that Torres "touched my privates . . . . It happened more than once. . . . Eric[3] came over and reached inside my jeans.  He touch[ed] me on my private."  The patient history also reflected that "Patient indicates female sexual organ by pointing."  Williams explained on cross-examination that E.N. was pointing to her vagina area, but E.N. did not call it a name during that interview.  Ricardo of the Children's Advocacy Center testified that E.N. reported to him that Torres touched her "front" while pointing to her vagina.  Using anatomically correct drawings, E.N. circled the entire front body when asked where else she was touched.  She also circled the entire "back" to indicate where she had been touched.  The State asked E.N. the following questions during direct examination:

_____

[2] We note that Torres cites section 21.11(c)(2) of the Texas Penal Code but then quotes the language found under 21.11(c)(1).  Based on the facts of the case, 21.11(c)(1) seems to be the applicable section because it deals with the touching of the child's genitalia by an actor whereas 21.11(c)(2) deals with making the child touch the actor's genitalia.  *See* TEX. PENAL CODE ANN. § 21.11(c) (West, Westlaw through 2013 3d C.S.).  Thus, we assume Torres meant to refer to section 22.11(c)(1).

[3] Appellant's full name is Gabriel Eric Torres but according to the record, he goes by the name Eric Torres.

[State]: Okay. Now, when you were talking to Ricardo, and when you were seen at the hospital, you used some different words. You used the word front, and I think you used the word private. What do those words mean to you? Your private part, is that your girl part?

[E.N.]: Yes.

[State]: Okay. So, [E.N.], if I use the word genitals, is that where he touched you with his hand?

[E.N.]: Yes.

[State]: Okay. And when he touched your genitals was that when you were sleeping with your mom?

[E.N.]: Yes.

[State]: Okay. So when we talk about that and you use the word your private or your front, I want to use your words. What word would you prefer that I use?

[E.N.]: Front.

[State]: Front. Okay. So let's use that word.

Torres is essentially arguing that the evidence is legally insufficient simply because E.N. herself never used words other than "front" and "back" during trial to describe her genitalia. This argument has been specifically rejected by several courts, including this court, on several occasions. *See Villalon*, 791 S.W.2d at 134; *Gonzalez Soto*, 267 S.W.3d at 332. Viewing the record in its entirety, it is sufficiently clear what E.N. meant by her "back" and her "front." The prosecutor clarified what he meant by certain words and then prompted E.N. to use the words she felt comfortable using. There is no requirement that the child complainant use any specific language. *See Gonzalez Soto*, 267 S.W.3d at 332. Even if the representations on the diagram did not specifically designate the sexual organs, it did not exclude them, either. Viewed in the light most favorable to the State,

5

the testimony of Rangel, Williams, Ricardo, and E.N. painted a clear picture of what E.N. meant by her "front" and "private."

We conclude that the evidence is legally sufficient to prove that Torres engaged in sexual contact with E.N. Furthermore, we conclude that when viewed in the light most favorable to the prosecution, a reasonable juror could find each of the essential elements of indecency with a child beyond a reasonable doubt; therefore, we will not disturb the findings of the jury. *See Laster*, 275 S.W.3d at 517. We overrule Torres's sole issue.

## IV. Conclusion

We affirm the trial court's decision.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of June, 2015.