**AFFIRMED and Opinion Filed October 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01128-CR

**GRACIANI ALEXANDER CANALES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1434986-R**

# MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Partida-Kipness
Opinion by Justice Bridges

A jury convicted appellant Graciani Alexander Canales of aggravated sexual assault of a child under the age of fourteen. The trial court sentenced him to twenty-five years in prison. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## Background

When complainant was in preschool and kindergarten, she lived in Texas with her mother, appellant, two older brothers, and her younger sister.[1] Appellant was her stepfather. They lived in a two-bedroom apartment, and complainant slept in the bedroom with mother and sister. Mother worked nights leaving appellant in charge of the children. Complainant's brothers recalled times

---

[1] At the time of trial, complainant was thirteen.

when appellant and complainant went to the bedroom alone and shut the door. They remembered once trying to open the door, but it was locked. They peeked under the door, but something blocked their view.

Complainant also testified that appellant sometimes took her to mother's room, put a blanket under one door so no one could peek under, and locked it. She described an incident in which he pulled down his pants, made her lay on the bed, and committed the aggravated sexual assault as alleged in the indictment.[2] He asked her the next day if he hurt her, and she said yes. She testified to other times he made her sit on his private part and rub herself against him.

Although her brothers sometimes asked what they were doing in the bedroom, she never told them because she did not want to get in trouble. Complainant recalled a time when her brothers opened a second door that led into the bedroom that did not lock. Appellant immediately got up, told them to leave, and closed the door. She did not know if her brothers saw any of the sexual activity.

In 2011, when complainant was in first grade, the family moved to California. Appellant did not go with them, but he visited a few years later in 2013. Appellant did not engage in any sexual contact with complainant during his visit.

Shortly thereafter, complainant told mother appellant "used to touch me in Texas. [Appellant] used to do things to me." Complainant did not detail the abuse at that time, but she provided more information in later conversations the following week.

Mother contacted authorities in California, and they told her to contact authorities in Irving, Texas because that is where the incidents occurred. When mother called the Irving police, she talked to Detective Stephen Lee. She told him about complainant's allegations against appellant.

---

[2] The indictment alleged that appellant "on or about the 1st day of February, 2011 in the County of Dallas, State of Texas, did unlawfully then and there intentionally and knowingly cause the contact of the female sexual organ of [COMPLAINANT], a child, who was not then the spouse of the defendant, by an object, to-wit: the sexual organ of defendant, and at the time of the offense, the child was younger than fourteen years of age."

Detective Lee contacted the Ventura County Sherriff's Department in California to facilitate an interview with complainant.

On March 25, 2014, Deputy Matthew Delahuerta conducted the interview in Ventura County. Complainant, who was then in the fourth grade and nine-years-old, tried her best to tell him everything she remembered.

After the interview, complainant was examined by Regina D'Aquilla, a forensic nurse examiner. She did not find any physical evidence of sexual assault. She also testified complainant told her appellant put his private into her private.

The recorded forensic interview was sent to Detective Lee and he reviewed it. Based on his experience and training, he determined complainant's outcry was credible. Detective Lee tried to contact appellant, but it took some time to locate him.

Appellant was eventually arrested and charged with aggravated sexual assault of a child younger than fourteen. The jury found him guilty, and the court assessed punishment at twenty-five years' confinement. This appeal followed.

**Sufficiency of the Evidence**

Appellant argues the evidence is legally insufficient to support his conviction. He does not challenge any specific element of the offense but rather contends the evidence is legally insufficient to conclude beyond a reasonable doubt that he committed the crime. He asserts complainant provided the only direct testimony of the sexual contact; however, because her statements were inconsistent, she was not credible. He also challenges the lack of physical evidence supporting the crime and her delayed outcry. Finally, appellant contends the lack of a complete investigation into complainant's brother as the potential abuser casts further reasonable doubt on complainant's testimony.

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A person commits aggravated sexual assault of a child if a person intentionally or knowingly causes the penetration of the female organ of a child by any means, and the child is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1). The testimony of a child victim alone is sufficient to support a conviction for sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

A rational jury could have found the essential elements of the crime beyond a reasonable doubt. Complainant's testimony supports the charge in the indictment, which tracked the statutory language of the penal code. *See* TEX. PENAL CODE ANN. § 22.021(a)(1). Her testimony alone was sufficient to support appellant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee*, 186 S.W.3d at 655. Her description of what happened did not need to be precise, and she is not expected to express herself at the same level of sophistication as an adult. *See Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). "As long as a child communicates to the factfinder that the touching occurred on a part of the body within the definition of the statute, the evidence is sufficient." *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

The jury also watched the forensic interview and heard testimony from Deputy Delahuerta. He described complainant as shy, soft-spoken, and reluctant to speak. She provided information about the abuse but could not give specific dates or times, "which is understandable for a child of

her age." He testified she identified appellant as the abuser and never mentioned anyone else as a possible suspect. When she described what happened to her, she became very emotional and started crying. He testified complainant provided an age appropriate narrative of the events. Her knowledge of sexual activity was not normal for that of a nine-year-old unless she had actually experienced it. To the extent some details from her original forensic interview in California differed from her trial testimony, the jury, when faced with the conflicting evidence, was free to resolve conflicts in favor of the State. *See Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.— Houston [14th Dist.] 2008, no pet.) (jury has ultimate authority to weigh credibility of witness testimony).

To the extent appellant challenges the lack of forensic evidence and complainant's delayed outcry, neither argument has merit. Physical evidence is not required to establish a sexual assault occurred. *Id*. Moreover, the jury heard testimony from the forensic nurse examiner that it is "very uncommon" to document any physical injuries from the sexual assault of young victims because they often do not report the abuse immediately, any injury to the vagina tends to heal quickly and completely, and often the abuse involves touching and not forceful penetration.

Detective Lee explained children often do not report sexual abuse immediately. A delayed outcry is simply one factor the jury can consider in assessing complainant's credibility and making its determination. *See, e.g., Hunter v. State*, No. 14-10-00468-CR, 2011 WL 1365003, at *4 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, no pet.) (mem. op., not designated for publication) (deferring to jury's determination of victim's credibility in light of five-year delay in outcry). Complainant told the jury she did not tell anyone about the abuse because she was afraid. The jury weighed this evidence and found in favor of the State.

Finally, we do not review the sufficiency of the evidence of the police investigation. Rather, we review the evidence presented at trial. *See Smith v. State*, No. 05-18-00491-CR, 2019

WL 1615353, at *7 (Tex. App.—Dallas Apr. 15, 2019, pet. ref'd) (mem. op., not designated for publication). The jury heard that CPS investigated the family after an anonymous phone caller alleged an older brother engaged in inappropriate activity with complainant. The investigation was subsequently closed. Again, such evidence was for the jury to consider and weigh. *Jackson*, 443 U.S. at 319.

Our duty is to ensure the evidence presented supports a conclusion that appellant committed aggravated sexual assault of a child. The record contains such evidence and "was not a determination so outrageous that no rational trier of fact could agree." *Smith*, 2019 WL 1615353, at *7 (quoting *Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012)).

Accordingly, we overrule appellant's sole issue.

### Conclusion

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
181128F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GRACIANI ALEXANDER CANALES, Appellant

No. 05-18-01128-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1434986-R.
Opinion delivered by Justice Bridges. Justices Molberg and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 7, 2019