**AFFIRMED and Opinion Filed November 25, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01159-CR

**CLINT BRANDON MONTGOMERY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80385-2017**

# MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Pedersen, III
Opinion by Justice Bridges

A jury convicted appellant Clint Brandon Montgomery for indecency with a child by contact and sentenced him to seven years' confinement. In a single issue, he challenges the sufficiency of the evidence to support his conviction. We affirm.

## Background

Appellant and Mother married in 2011. At that time, Mother had a nine-month-old daughter (complainant). Appellant treated complainant as his own child, and complainant called him "daddy." During their marriage, appellant and Mother had two sons.

In October of 2015, appellant and Mother separated. She stayed in the house with the children, and appellant moved into his mother's home. They agreed for the children to spend every

other weekend with appellant at his mother's house. When complainant stayed with appellant, she and her brothers slept in appellant's room.

In March of 2016, the children spent spring break with appellant. Complainant was eight year old.[1] One night, complainant and her brothers watched a movie in appellant's mother's room. Appellant was across the hall in his bedroom watching a basketball game. Complainant fell asleep, but later woke up and moved to appellant's bed. She fell asleep and woke up later with appellant touching her "private part." Appellant did not say anything, but stopped when complainant started crying. She then went back to sleep. The next day, appellant begged her not to tell anyone what happened because he would not be able to see her and her brothers anymore. She "pinky promised" not to tell.

After that week, complainant told Mother she no longer wanted to go to appellant's house. She provided no reason, and Mother asked no further questions.

On September 27, 2016, complainant decided she could no longer keep the secret and told Mother that appellant touched her. She did not divulge all the details, but revealed "the important parts." Mother called appellant to confront him with the allegations, but he did not answer. She then called the Plano police department and reported the incident.

CPS contacted Detective Kristina McClain, and she set up a forensic interview. On September 30, 2016, Mother took complainant to the Children's Advocacy Center. Detective McClain observed the interview and described complainant as quiet, nervous, and hesitant. Lisa Martinez conducted the interview. Complainant spoke in a soft voice and often avoided eye contact. Complainant provided both surrounding and sensory details of the incident. She indicated she had been watching Godzilla in her grandmother's room and fell asleep but later woke up and moved to appellant's bed. She disclosed that she woke up with her pants pulled down, and

_____

[1] She was eleven years old when she testified at trial.

–2–

appellant touching her. She described the touching as "soft," and "It didn't feel right." She described her body position as first laying on her back and then rolling to her side. She said appellant stopped touching her when she cried. She told Martinez that appellant told her the next day not to say anything to anyone.

Based on the interview, Detective McClain determined appellant had allegedly perpetrated a criminal offense. Detective McClain interviewed appellant on October 5, 2016. Appellant voluntarily participated in the interview. He denied any sexual contact with complainant and did not know why she made the accusation. The interview ended when appellant requested an attorney.

The State indicted appellant for indecency with a child by contact pursuant to penal code section 21.11(a)(1). The jury found appellant guilty of indecency with a child by contact and sentenced him to seven years' confinement.

## Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence supporting his conviction because "the only thing the State presented was a statement from an eleven year old girl who was testifying about something that occurred two years earlier," and nothing corroborated her statement. He further challenges the investigation into the allegations. The State responds the evidence was sufficient to support appellant's conviction.

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Appellant was charged with indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 22.011(a)(1). The testimony of a child victim alone is sufficient to support a conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(b)(1); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

A rational jury could have found the essential elements of the crime beyond a reasonable doubt. Complainant's testimony supports the charge in the indictment, which tracked the statutory language of the penal code. *See* TEX. PENAL CODE ANN. § 22.021(a)(1). Her testimony alone was sufficient to support appellant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(b)(1); *Lee*, 186 S.W.3d at 655. Her description of what happened did not need to be precise, and she is not expected to express herself at the same level of sophistication as an adult. *See Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). "As long as a child communicates to the factfinder that the touching occurred on a part of the body within the definition of the statute, the evidence is sufficient." *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In addition to complainant's trial testimony, the jury watched the forensic interview. They watched complainant's demeanor change when Martinez began questioning her about the incident. They heard complainant describe the incident and provide sensory details. *See, e.g, Matthews v. State*, No. 03-13-00037-CR, 2014 WL 7466653, at *4 (Tex. App.—Austin Dec. 23, 2014, pet. ref'd) (mem. op., not designated for publication) (providing specific facts and sensory details when testifying further supported complainant's allegations).

To the extent appellant challenges the lack of forensic evidence and complainant's six-month delayed outcry, neither argument has merit. Physical evidence is not required to establish sexual contact occurred. *See Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Although complainant's October 6, 2016 physical exam was normal, Dr.

Kristen Reeder testified ninety-five percent of exams are "completely normal," and she would not expect to see any trauma to the genital area if a child was touched. Moreover, a delayed outcry is simply one factor the jury can consider in assessing complainant's credibility and making its determination. *See Canales v. State*, No. 05-18-01128-CR, 2019 WL 5128171, at *3 (Tex. App.—Dallas Oct. 7, 2019, no pet.). Complainant testified she did not tell right away because she did not want Mother to get mad. The jury weighed this evidence and found in favor of the State.

To the extent the jury heard any conflicting evidence between complainant's and appellant's mother's testimony regarding the night in question, the jury chose to resolve those conflicts in favor of the State. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997) (en banc) (jury decides weight to be given contradictory testimony).[2]

Finally, appellant argues the police failed to properly investigate complainant's allegations because they did not, among other things, interview complainant or visit his mother's home where the incident occurred. We do not review the sufficiency of the evidence of the police investigation. Rather, we review the evidence presented at trial and do not speculate about any evidence the State did not present. *See Smith v. State*, No. 05-18-00491-CR, 2019 WL 1615353, at *7 (Tex. App.—Dallas Apr. 15, 2019, pet. ref'd) (mem. op., not designated for publication). Our duty is to ensure the evidence presented supports a conclusion that appellant committed indecency with a child by contact. The record contains such evidence and "was not a determination so outrageous that no rational trier of fact could agree." *Id*. (quoting *Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012)). Accordingly, we overrule appellant's sole issue.

---

[2] For example, appellant's mother testified appellant and complainant never slept alone in his bed. She testified the children never watched movies in her room. She also testified complainant began acting differently and craving more attention after Mother started dating in January 2016. Complainant denied being upset or bothered by Mother's new relationship.

**Conclusion**

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P 47.2(b)
181159F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CLINT BRANDON MONTGOMERY, Appellant

No. 05-18-01159-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-80385-2017.
Opinion delivered by Justice Bridges. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 25, 2019